Campbell *et al. v.* The Board of Commissioners of Monroe County.

Filed March 27, 1889.

———————◆———————

|     |     |
| --- | --- |
| 118 | 119 |
| 130 | 518 |
| 118 | 119 |
| 137 | 359 |
| 118 | 119 |
| 143 | 513 |
| 118 | 119 |
| 153 | 261 |

No. 13,302.

CAMPBELL ET AL. *v.* THE BOARD OF COMMISSIONERS OF MONROE COUNTY.

FREE GRAVEL ROAD.—*Order Directing Reassessment.*—*Right of Appeal.*—An appeal will lie from an order of the board of commissioners directing a reassessment to pay the expense of constructing a free gravel road.

SAME.—*County Auditor.*—*Authority to Increase Assessment.*— *Ratification.*— The county auditor has no authority to increase an assessment beyond the sum ascertained and assessed as benefits in due course of law, and his act in doing so is not validated by a mere ratification thereof by the board of commissioners.

SAME.—*Statute Construed.*—Section 5096, R. S. 1881, must be construed as meaning that the auditor can only add to the assessment when it appears that the addition will not make the assessment exceed the benefits ascertained and reported in compliance with the statute.

From the Monroe Circuit Court.

*M. F. Dunn, G. G. Dunn, W. H. East, E. Corr* and *M. M. Dunlap,* for appellants.

*J. H. Louden, W. P. Rogers, J. W. Buskirk* and — *Buskirk,* for appellee.

ELLIOTT, C. J.—The appellee's counsel insist that there can be no appeal from the order of the board of commissioners directing a reassessment to pay the expense of constructing a

free gravel road. In this they are in error. The board has no authority to make a reassessment without notice, and upon notice the land-owners are entitled to come in and defend. *Board, etc.,* v. *Fullen, post,* p. 158; *Board, etc.,* v. *Fahlor,* 114 Ind. 176; *Abbett* v. *Board, etc.,* 114 Ind. 61; *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Board, etc.,* v. *Gruver,* 115 Ind. 224. The notice of the intention to make a reassessment does not, however, bring before the court the validity of the original assessment, for that is adjudicated by the judgment rendered in the original assessment proceedings, but it does bring before the court all questions legitimately connected with the second assessment. In order to entitle the board to make a reassessment notice is essential, for in all proceedings affecting property rights notice is essential to constitute due process of law. *Kuntz* v. *Sumption,* 117 Ind. 1. The proceedings in the matter of the reassessment are founded on the second notice, and in the proper case judgment may be rendered directing a reassessment, and where there is a judgment there is a right of appeal.

The controlling facts are embodied in the special finding, of which we make a synopsis: On the 1st day of May, 1884, a petition was filed praying for the construction of a free gravel road; notice was given, and judgment was entered directing the construction of the road and the assessment of benefits. On the 18th day of February, 1886, the auditor discovered that the benefits were insufficient to pay the expense of constructing the road, and called a meeting of the board of commissioners in special session for the 18th day of February, 1886. On that day the board convened and the appellants appeared and remonstrated against making any addition to the original assessment. The original assessment was $10,170.33 less than the expense of constructing the road, and to meet the deficiency forty-five per cent. was by the auditor added to the original assessment of benefits. The addition of the forty-five per cent. was made by the auditor previous to the meeting of the commissioners, was approved,

and the order of the board was declared to be merely advisory. It thus appears that it was the judgment of the auditor that determined the reassessment, and not that of the board.

We are of the opinion that the auditor has no authority to increase an assessment beyond the sum ascertained and assessed as benefits in due course of law. Section 5096, R. S. 1881, must be construed as meaning that the auditor can only add to the assessment when it appears that the addition will not make the assessment exceed the benefits ascertained and reported in compliance with the statute. The auditor can not determine the benefits, nor, indeed, any other purely judicial question. To hold otherwise would be to invest the auditor with power arbitrarily, without notice, and without viewers, to add to the burdens of the land-owners, and this would be to violate some of the plainest principles of constitutional law. If the auditor may add forty-five per cent. on his own motion, and without notice, he may, on the same theory, double the assessment. Certainly it was not contemplated that he should have any such power. It would be rank injustice to land-owners to concede him such authority, for it might well be that the assessment thus increased would greatly exceed the benefits to the land. It would, at all events, deprive the land-owners of the constitutional right to have benefits assessed by due process of law. It is too well settled to admit of doubt that no greater sum than the benefit which accrues can be assessed against the land. Proceedings like these are only sustainable on the ground that the land receives a benefit equal to the assessment. *Board, etc.,* v. *Fullen,* 111 Ind. 410 (420).

The question with which we are here concerned was not presented in *Kirkpatrick* v. *Pearce,* 107 Ind. 520. The court thus stated the question before it for decision: " The case before us involves the question as to when the assessments become liens upon the lands assessed. Do they become liens at the time the final order is made by the county board con-

firming the report by the committee, or when the assessments are entered upon the special duplicate by the county auditor, or do the liens relate back and attach as of the first of April, as ordinary general taxes?" It is obvious that no such question as that here presented could have arisen in the case cited, for there the action was by a grantee against a grantor upon a covenant of warranty, and the only question was as to the time the lien of the assessment fastened on the land. The only evidence there adduced was the deed and the duplicate, and this was held not sufficient to show a valid assessment.

In *Kirkpatrick* v. *Pearce, supra,* it is said: "The action of the auditor in placing the assessments upon the duplicate, is ministerial," and this can only be correct upon the theory that there is nothing for him to do beyond making a computation upon the basis supplied by the facts judicially ascertained and established, for he can not determine to what extent lands are benefited, nor what items shall enter into the reassessment. In discussing the principle here involved, in the case of *Vandercook* v. *Williams,* 106 Ind. 345, HOWK, J., speaking for the court, said: "In this case it is not claimed that the statute has invested the county auditor with the judicial power of the State, or has authorized such auditor to exercise any of the functions of the judicial department of the State government. If the statute had invested the county auditor with judicial power, or had authorized such auditor to exercise judicial functions, in the discharge of any of the duties imposed on him by law, it is certain that the statute, to that extent, would have been unconstitutional and void. It has been uniformly held by this court that judicial officers only can exercise judicial powers or functions. *Wright* v. *Defrees,* 8 Ind. 298; *Waldo* v. *Wallace,* 12 Ind. 569; *Columbus, etc., R. R. Co.* v. *Board, etc.,* 65 Ind. 427; *Shoultz* v. *McPheeters,* 79 Ind. 373; *Gregory* v. *State, ex rel.,* 94 Ind. 384 (48 Am. Rep. 162); *Elmore* v. *Overton,* 104 Ind. 548; *Pressley* v. *Lamb,* 105 Ind. 171." We apply

this elemental rule here, and adjudge that the auditor had no authority to increase the assessment originally made, as he assumed to do. Had the assessment been increased by the judgment of the board, quite another question would have been presented, but it affirmatively appears that they merely ratified the action of the auditor. They could not, of course, delegate to him any such authority, for judicial powers can not be delegated. *Entick* v. *Carrington*, 19 How. St. Tr. 1063; *State* v. *Jefferson*, 66 N. C. 309; *Van Slyke* v. *Trempealeau County, etc., Ins. Co.*, 39 Wis. 390 (20 Am. Rep. 50); *Conroe* v. *Bull*, 7 Wis. 408; Broom Legal Maxims, 841.

Judgment reversed, with instructions to sustain the appellants' motion for a new trial, and for proceedings in accordance with this opinion.

Filed March 26, 1889.