Filed March 15, 1892.

* * *

### No. 14,762.

### TUCKER, TREASURER, ET AL. *v.* SELLERS.

PRACTICE.—*Supreme Court.—Failure to Specifically Point Out Defects in Pleading.*—Defects in a pleading which are not apparent from a bare statement, must be specifically pointed out by counsel, and they must support their position by argument, and, if need be, by the citation of authorities; and unless this is done, the court will assume that no defects exist in the pleading.

JURISDICTION.— *When Collateral Attack will not Lie.*—Where there is general jurisdiction of the subject, and the jurisdiction of the particular case depends upon the facts, the decision of the tribunal making it is conclusive against a collateral attack.

SAME.—*By Consent.*—Consent or acquiescence can not confer jurisdiction of the general subject; but jurisdiction of a particular instance falling within the scope of the general subject may be given by consent, either express or implied.

SAME.—*Notice Necessary.*—There can be no jurisdiction without notice.

SAME.—*Notice.—Sufficiency.*—If the notice given is sufficient to call into exercise the authority of the court and invoke its judgment upon the jurisdictional facts, the decision of the court that there was notice can not be held void, and its judgment on that ground collaterally attacked.

Tucker, Treasurer, *et al. v.* Sellers.

SAME.—*Defective Notice.*—If there is a notice provided for by law, and notice is assumed, to be given under the law, then there is jurisdiction, although the notice is defective.

GRAVEL ROADS.—*Collateral Attack on Decision of Board of County Commissioners.*—The decision of a board of county commissioners that a petition for a free gravel road is sufficient, and that it is signed by the proper number of freeholders, is conclusive as against a collateral attack.

SAME.—*Extent of Power of County Board.*—A board of county commissioners have not only power to order free gravel roads to be constructed, but also to order bonds to be awarded for its construction.

SAME.—*Notice of Assessment.*—The board has no authority to order the making of an assessment, or second assessment, without first giving notice thereof.

SAME.—*Assessment.— When Effective.—Approved.*—The assessment for a free gravel road does not become effective until approved by the board of county commissioners.

SAME.—*Injunction.—Bringing Suit Before Assessment Under Defective Notice.*— If a suit is brought to enjoin an assessment about to be made under a defective notice, an answer setting up such notice and an assessment made subsequently to the commencement of such suit, is insufficient.

From the Putnam Circuit Court.

*J. A. Smiley, W. G. Neff* and *J. L. Myers,* for appellants.
*M. A. Moore* and *G. C. Moore,* for appellee.

ELLIOTT, C. J.—The appellee seeks by his complaint an injunction against the appellant as treasurer, restraining him from collecting an assessment levied upon the land of the former for the construction of a free gravel road. The essential averments of the complaint are that the viewers reported that the land of the appellee was not liable to assessment; that he was informed by the board of commissioners and the viewers that he could not contest the assessment, as his land was not within the territory subject to assessment, and that he was not notified of any subsequent proceedings. The appellants' counsel have not pointed out any objections to the complaint, but say, in general terms, that it is not good. We must, under the long-settled rules of the court, decline to search for defects in the complaint, and assume that none exist. Counsel can not, by general assertions in

their briefs, secure a reversal of a judgment because of supposed defects in a pleading.   Defects which are not apparent from a bare statement, must be specifically pointed out by counsel, and they must support their position by argument, and, if need be, by the citation of authorities.

The answer is long, but we think its material allegations can be briefly stated.  In substance, the facts stated are these : A petition for the road named in the complaint was filed, and proper steps taken up to the report of the viewers.   The viewers, as we understand the answer, did not include in their report the land of the appellee.   The reason for not including it was that it was included in a report made upon a petition for another road.   The petition for the first road, as we may designate the one not named in the complaint, was dismissed.   After this petition was dismissed, the board ordered the lands that had been omitted from the former report upon the second road (the one described in the petition) to be assessed.   In obedience to this order, the engineer placed the omitted lands upon the map prepared by him, and the board, in regular session, directed the viewers to view the lands, but by inadvertence this order was not entered of record.   The plaintiff's land is within one-fourth of a mile of the line of the road.   The assessment upon his land was just and equitable.   After the viewers made their report, the auditor gave the proper notice of the meeting of the board appointed to hear and determine complaints of property-owners. At the meeting of the board " plaintiff," as the answer avers, " appeared, and filed written objections to so much of the assessment as included his land, which were overruled, but no appeal was taken."  In June, 1887, the auditor reported that the estimated cost of the road reported to the board was erroneous, and that it would cost $5,924.22 more than the sum estimated by the engineer.   Acting upon the report of the auditor, the board ordered a reassessment to be made.   Notice of the time and place of the meeting of the board to hear complaints against the report making the reassessment

was given. The original petition for the construction of the road was filed in 1883. The road was constructed under the contract awarded by the board, and was completed in 1885. Bonds were issued by the board to pay for the construction of the road.

. The board of commissioners undoubtedly had jurisdiction of the general subject. It is, indeed, the court of exclusive original jurisdiction. Our decisions, as well as the decisions of many other courts, explicitly assert this general doctrine. The jurisdiction is not merely to order free gravel roads to be constructed, but to order lands to be assessed. *Chicago, etc., R. W. Co. v. Sutton, ante,* p. 405 ; *State, ex rel., v. Wolever,* 127 Ind. 306 (315); *Alexander v. Gill, ante,* p. 485; *Jackson v. Smith,* 120 Ind. 520 (522). As the board had jurisdiction of the general subject, its order that the petition for the road was sufficient, and was signed by the proper number of freeholders, is conclusive as against a collateral attack, such as that made in this case. *Board, etc., v. Hall,* 70 Ind. 469 ; *Hill v. Probst,* 120 Ind. 528 ; *Reynolds v. Faris,* 80 Ind. 14; *Hilton v. Mason,* 92 Ind. 157 ; *Strieb v. Cox,* 111 Ind. 299 (305), and cases cited; *Board, etc., v. Montgomery,* 106 Ind. 517 (521), and cases cited. It has been the rule in this State since the decision in *Evansville, etc., R. R. Co. v. City of Evansville,* 15 Ind., 395, that where there is general jurisdiction of the subject, and the jurisdiction of the particular case depends upon the facts, the decision of the tribunal is conclusive as against a collateral attack. This rule has been again and again asserted by our own court, as well as by the Supreme Court of the United States, and many other courts. *McEneney v. Town of Sullivan,* 125 Ind. 407 (412), and cases cited. See authorities cited in Elliott Roads and Streets, p. 219, notes 3 and 4. It can not be said in this instance that the proceedings were *coram non judice,* for there was a court, there was authority over a general subject, and there was an assumption of jurisdiction.

There was, it is very clear, jurisdiction of this particular

instance up to and including the time the appellee appeared before the board of commissioners and objected to the original assessment against his land. The law is that one who appears can not afterwards object that there was no jurisdiction over him and his property. *Washington Ice Co.* v. *Lay,* 103 Ind. 48. See, also, authorities cited in Elliott Roads and Streets, p. 245, note. We do not, of course, mean to be understood as affirming that parties may, by consent or acquiescence, confer jurisdiction of the general subject. That can only be conferred by law. But we do affirm that jurisdiction of a particular instance falling within the scope of the general subject may be given by consent, either express or implied. We are not, in this instance, confronted with the question whether there can be an estoppel in a case where its principal element is a judgment rendered in a case where there was an absolute and entire want of jurisdiction. Here, as we have seen, the law gives jurisdiction of the general subject, and there was, so far as the question is presented by this collateral attack, a rightful exercise of jurisdiction up to the proceedings relative to the order directing a reassessment. There was authority to order an additional assessment, and over that subject there was general jurisdiction. *Board, etc.,* v. *Fullen,* 111 Ind. 410, and authorities cited; *Gavin* v. *Board, etc.,* 104 Ind. 201; *Campbell* v. *Board, etc.,* 118 Ind. 119, and authorities cited; *Rogers* v. *Voorhees,* 124 Ind. 469.

The authorities to which we have referred conclusively answer the contention of the appellee's counsel that the proceedings prior to the additional assessment are void, and may be overthrown by a collateral attack. We have many cases wherein it was held that the collateral attack was unavailing although there was much stronger ground for the overthrow of the entire proceedings than any here shown by counsel against the proceedings up to the order for a second assessment. *Otis* v. *De Boer,* 116 Ind. 531, and cases cited; *Muncey* v. *Joest,* 74 Ind. 409; *Brocaw* v. *Board, etc.,* 73

Ind. 543; *Prezinger* v. *Harness,* 114 Ind. 491; *Johnson* v. *State, etc.,* 116 Ind. 374, and cases cited.

The question of difficulty is as to the proceedings subsequent to the first assessment, and the orders based on it. The authorities are decisively against the right to make an additional assessment without notice to the persons upon whose property the assessment is levied. While the authority to make such an assessment in undoubted, it is yet quite as certain that it can not be made without notice. The notice for the original assessment spends its force when that assessment is finally made; and a second assessment can not be made unless the land-owners are given " their day in court." The right to " a day in court" is a constitutional right that even an express statute can not take away. *Board, etc.,* v. *Fullen,* 118 Ind. 158; *Gavin* v. *Board, etc., supra; Martin* v. *Neal,* 125 Ind. 547 (555); *Board, etc.,* v. *Fullen, supra; Campbell* v. *Board, etc.,* 118 Ind. 119 (120); *Board, etc.,* v. *Fahlor,* 114 Ind. 176; *Abbett* v. *Board, etc.,* 114 Ind. 61; *Board, etc.,* v. *Gruver,* 115 Ind. 224; *Kuntz* v. *Sumption,* 117 Ind. 1. It is true that the object of the statute is to impose upon lands specially benefited by the construction of a gravel road the burden of paying the cost of constructing it, and to relieve the county from the burden. *Rogers* v. *Voorhees, supra; Board, etc.,* v. *Fullen,* 118 Ind. 158; *Strieb* v. *Cox,* 111 Ind. 299. But this object can not be attained at the expense of the paramount constitutional right of the citizen to notice.

It is evident from what has been said that the pivotal question in this branch of the case is as to the effect of the notice given the property-owners to appear before the board of commissioners at the time and place designated, and interpose objections, if any they had, to the second or additional assessment. If that notice was sufficient to call into exercise the authority of the board and invoke its judgment upon the jurisdictional facts, the decision can not be adjudged void. This is so, for the reason that authority to

decide is jurisdictional.   *Board, etc.,* v. *Markle,* 46 Ind. 96, and authorities cited; *De Quindre* v. *Williams,* 31 Ind. 444; *Lantz* v. *Maffett,* 102 Ind. 23 (28) ; *Snelson* v. *State, ex rel.,* 16 Ind. 29 ; *Jackson* v. *State, etc.,* 104 Ind. 516, and authorities cited ; *Rhode Island* v. *Massachusetts,* 12 Peters, 657.

If there was notice provided for by law, and notice was assumed to be given under the law, then there was jurisdiction, although the notice may have been defective.   *Muncey* v. *Joest, supra ; Jackson* v. *State, etc., supra ; Otis* v. *De Boer, supra ; Hume* v. *Conduitt,* 76 Ind. 598 ; *McAlpine* v. *Sweetser,* 76 Ind 78 ; *Hackett* v. *State, etc.,* 113 Ind. 532 ; *Kleyla* v. *Haskett,* 112 Ind. 515 ; *Adams* v. *Harrington,* 114 Ind. 66 ; *Ely* v. *Board, etc.,* 112 Ind. 361 ; *Essig* v. *Lower,* 120 Ind. 239 (245), and cases cited.

It is settled that the Legislature must prescribe some notice in such cases as this, but what the notice shall be is a legislative question, subject only to the limitation that it shall not be palpably unreasonable.   The Legislature has exercised the authority to prescribe the notice that shall be given to property-owners who desire to lodge complaints with the board of commissioners against the assessments upon their lands, and the notice prescribed is reasonable and fair. Section 5096, R. S. 1881.

In our judgment the notice provided for in the statute to which we have referred does give the land-owners " their day in court."   The assessment does not become effective until it is approved by the board of commissioners, and the notice prescribed affords the property-owners an opportunity to litigate the validity of the assessment.   As there was notice before a final decision, there was jurisdiction.   There was no question open except the validity and amount of the additional assessment ; the question of the utility of the road and kindred questions were finally adjudicated by the prior orders of the board.   The decision of the board of commissioners upon the additional assessment might have been appealed from in the same general mode as the original as-

sessment. *Board, etc.,* v. *Fullen,* 118 Ind. 158. But on such an an appeal the validity of prior orders of the board could not have been litigated. As there was the legal and ordinary remedy by appeal, the appellee would have had no right to collaterally attack the proceedings by the extraordinary writ of injunction, if it be true that the proceedings were begun before his suit was commenced. *Sims* v. *City of Frankfort,* 79 Ind. 446, and cases cited ; *Smith* v. *Goodnight,* 121 Ind. 312 ; *Bass* v. *City of Fort Wayne,* 121 Ind. 389, and cases cited.

We conclude that the additional assessment was not void, and that this collateral attack can not prevail against it, if the theory of the appellant's counsel that the additional assessment was made and placed upon the duplicate before this suit was begun, can be sustained.

The appellee's counsel maintain that the answer is bad, for the reason that it affirmatively shows that the additional assessment was not made until after the suit was begun. The brief in which this position is taken was filed more than two years ago, and no contradiction of the statement has been made, nor has there been any suggestion that there is an error in the recitals of the record. We must assume that the record is correct. According to the record, the suit was begun on the 11th day of February, 1887, and the first step towards making an additional assessment was taken on the 15th day of June, 1887. There was, therefore, no additional assessment when the suit was commenced, and if no such assessment, there could, of course, be no authority to place an additional assessment on the duplicate. If there was no such assessment, the appellee had a right to an injunction. We need not declare what the rule would be if the answer had pleaded the second assessment as a bar to proceeding after the suit was commenced, for no such question is presented.

Judgment affirmed.

COFFEY, J., did not take any part in the decision of the case.

Filed March 11, 1892.