## PLEW ET AL. *v.* JONES ET AL.

[No. 20,476.   Filed May 31, 1905.]

1. JUDGMENT.—*Vacation of.*—*Board of Commissioners.*—Where the board of commissioners has made a final order for the establishment of a public drain, such board has no power subsequently to vacate such order and annul such prior proceedings. p. 23.

2. SAME.—*Void.*—*Appeal.*—An appeal from a void judgment is ineffectual and unavailing.   p. 24.

3. JURISDICTION.—*Question Raised on Appeal from Board.*—The question of the jurisdiction of the board of commissioners can be raised for the first time on appeal, when the want of jurisdiction appears upon the face of the record.   p. 24.

4. DISMISSAL AND NONSUIT.—*Want of Jurisdiction.—Motion.*— An unverified motion to dismiss a drainage proceeding on appeal to the circuit court because no freeholder had signed the petition on which the construction of the drain was ordered by the board of commissioners was properly overruled where the record failed to disclose who were the signers of such petition.   p. 24.

5. APPEAL AND ERROR.—*Motion to Dismiss.—Presumption.— Failure to Present Question.*—Where the record on appeal fails to show who the original signers of a drainage petition were it will be presumed that the trial court properly overruled a motion to dismiss the cause for want of jurisdiction on the ground that the signers were not freeholders.   p. 24.

6. JURISDICTION.—*Drains.—Notice.*—Where a petition for the establishment of a drain is filed, and the bond filed therewith approved by the auditor, and all parties are notified and without objection an order establishing such drain is made by the board, an objection to the jurisdiction made afterwards should be overruled.   p. 24.

7. AMENDMENTS. — *Drains. — Petition. — Harmless Error.*—The failure of parties to sign a drainage petition is a mere defect or irregularity which may be cured by amendment, and if not so cured will be disregarded on appeal.   p. 25.

8. WAIVER. — *Drains. — Petition.—Signatures.*—An objection to the jurisdiction in a drainage cause for the reason that qualified persons did not sign the petition therefor, is waived by failure to make such objection until after judgment.   p. 25.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Petition by Isaac Jones and others for the establishment of a drain, against which Henry Plew and others remonstrate. From a judgment establishing the drain as petitioned, remonstrants appeal. *Affirmed.*

*S. D. Stuart* and *C. G. Reagan,* for appellants.

*William S. Christian,* for appellees.

MONTGOMERY, J.—Appellees, on September 27, 1902, filed with the auditor of Hamilton county a petition and bond for the establishment and construction of a public ditch by the board of commissioners of said county. Viewers were thereupon appointed, who qualified and made a report in favor of the public utility of the proposed drain, with all necessary details and assessments of benefits. Notice of the pendency of said petition and of the substance

of said report was duly given to all persons to be affected by said proceedings, and at the time fixed in said notice for consideration of said report remonstrances were filed by certain landowners affected, reviewers appointed thereon, and subsequently their report was made, filed and approved, and on the 10th day of April, 1903, the ditch was finally established and ordered constructed. On the 6th day of May, 1903, appellants appeared before said board of commissioners, and filed a motion to dismiss the petition and proceedings, for the alleged reason that the petition was not signed by a freeholder, as required by statute. This motion was overruled, and at the same time the appellees appeared and filed with said board an application representing that they had originally signed a paper which they understood was attached to and formed a part of the petition for said ditch, which paper they averred was mislaid or lost, and they therefore asked leave to attach their names as petitioners to the petition on file, and that the petition as thus signed be regarded as a substitute or amended petition, in lieu of the one signed by them at and before the commencement of the proceedings. This request was granted by the board. Appellants filed an appeal bond, and the cause was transferred to the Hamilton Circuit Court. Appellants again filed an unverified motion to dismiss the proceeding "for the reason that the board of commissioners had no jurisdiction to order said drain constructed, by reason of the purported petition not being signed by any one at the time said board made the order establishing said drain." This motion was overruled, and appellants excepted, and assign that ruling as error.

When the board of commissioners, on April 10, made the final order for the establishment and construction of the ditch, its jurisdiction over the cause was at an end. 1. It had no power, either express or implied, at a subsequent term to vacate that judgment and annul the proceedings theretofore taken. *Board, etc., v. State, ex rel.*

(1878), 61 Ind. 75; *Doctor* v. *Hartman* (1881), 74 Ind. 221; *Board, etc.,* v. *Logansport, etc., Co.* (1882), 88 Ind. 199; *Kyle* v. *Board, etc.* (1884), 94 Ind. 115; *Badger* v. *Merry* (1894), 139 Ind. 631.

An appeal from the proceedings of May 6 would have been ineffectual and unavailing; but the appeal was in time, and appears to have been taken from the final judgment, as well as the subsequent proceedings.

Ordinarily, only such questions can be considered by the circuit court as were presented to the board, but the want of jurisdiction by the court over the subject-matter when apparent upon the face of the record, may be raised for the first time upon appeal.

When this cause was certified to the circuit court, the petitioners' names appeared in the usual place upon the petition.    Independent of the unauthorized special proceedings of May 6, which are not properly a part of the record, there was nothing to advise that court that the petition had been changed in any manner from the time it was first filed.    The court was warranted, therefore, in overruling appellants' motion to dismiss the proceeding.

The record before us does not show the petition in the condition in which it is claimed it was at the time the proceeding was instituted and action thereon had before the board.    Appellants' special bill of exceptions contains only their motion to dismiss, but not the petition as it is represented to have been while pending before the board.    We cannot say from the record that the court below erred in overruling appellants' motion to dismiss, and must therefore presume that its ruling was right.

But considering the subject from appellants' standpoint, we cannot sustain their contention.    The board of commissioners had jurisdiction of the general subject-matter of the construction of ditches.    The appellees voluntarily appeared and submitted this particular case

and their persons to the jurisdiction of the board, so as effectually to bind themselves. Whether their names were subscribed to the petition at the usual place, or in the body of it, or upon a separate sheet of paper which was afterwards mislaid, as suggested, they duly executed and filed a bond to the approval of the auditor, and the board, in effect, adjudged that the petition was sufficient in form and substance, and signed by the requisite parties to clothe it with jurisdiction and require action. Appellants were duly notified and regularly brought within the jurisdiction of the board, but at the time fixed for a hearing made no objection to the petition or proceedings.

The suggested defect in the proceedings could have been cured by amendment. Section 361 Burns 1901, §358 R. S. 1881, requires every pleading in a court of record

7. to be signed by the party or his attorney, but it has been repeatedly held that an omission so to sign is an irregularity, or defect in form and not in substance, which may be cured by amendment, and if not so amended will be disregarded on appeal. *Fankboner* v. *Fankboner* (1863), 20 Ind. 62; *Harris* v. *Osenback* (1859), 13 Ind. 445; *Widup* v. *Gibson* (1876), 53 Ind. 484; *Lowry* v. *Dutton* (1867), 28 Ind. 473; *Louisville, etc., R. Co.* v. *Peck* (1884), 99 Ind. 68; *Lentz* v. *Martin* (1881), 75 Ind. 228; *Hewett* v. *Jenkins* (1877), 60 Ind. 110.

Special objections to the jurisdiction in a particular case, must be promptly made, or they will be lost by waiver. Appellants, by not making timely objection, and wait-

8. ing until after final judgment, waived all question as to the sufficiency of the petition. *Perkins* v. *Hayward* (1892), 132 Ind. 95, 105; *Steele* v. *Empson* (1895), 142 Ind. 397, 405; *Gifford* v. *Board, etc.* (1903), 160 Ind. 654, 659.

The judgment is affirmed.