STOLL, EXECUTOR, ET AL. *v.* RICH, EXECUTOR, ET AL.

[No. 13,314.   Filed February 23, 1929.]

*William J. Reed,* for appellants.

*Eli F. Seebirt, Lenn J. Oare* and *George W. Omacht,* for appellees.

NICHOLS, J.—Action by Rich and Pyle for their fees

as attorneys for the executors of the estate of John B. Stoll, deceased, in the sum of $2,000.

It appears by their petition filed with the court that they were partners engaged in the practice of law in the city of South Bend, Indiana, under the firm name of "Rich and Pyle"; that on April 12, 1926, they were employed by appellants, executors of the will of their father, John B. Stoll, to furnish legal assistance and advice in the administration of said estate. Appellants were appointed executors of said will about said time, and have ever since acted in said capacity. The estate consisted of personal property and real estate and was of the total approximate value of $65,000. They represented appellants and said estate to the best of their skill and ability for more than a year, concerning the business of said estate, and have filed an itemized statement of their services, which is made a part of their petition.

The year for administration upon said estate has expired, and on or about May 2, 1927, they met with one of the executors, and when they were engaged in preparing the final report, they informed him what their fee would be for attending to the business of said estate and performing all legal services rendered by them therein; but said executor refused to pay the same or to present the matter to the court, and informed them that no final report would be filed until the amount of the fee for their said services was determined.

They represent that the reasonable and fair value of their said services is $2,000, and ask that the court determine the amount of the compensation due them and order the same to be paid.

After the hearing below, Daniel Rich died, and appellee Citizens Trust and Savings Bank was substituted as petitioner.

There was an answer in denial and, after trial, the court found that the claimants performed all services

sued on in their claim, and that a reasonable fee therefor was $2,000. There was an order for payment accordingly, from which this appeal, appellants assigning as error that the court had no jurisdiction to try the cause, and erred in assuming jurisdiction, in overruling appellants' motion to return the above entitled cause to the St. Joseph Circuit Court, in overruling appellants' motion to make the complaint more specific, and in overruling appellants' motion for a new trial.

As to the jurisdictional question that appellants present, it appears by the record that their claim was filed in the St. Joseph Circuit Court, and that the judge thereof, on his own motion, transferred the same, without any objection on the part of appellants, to the St. Joseph Superior Court No. 1, in which court appellants appeared and filed their motion to make the complaint more specific, and then filed an affidavit for a change of judge, on which the cause was transferred to Superior Court No. 2. In this last-named court, appellants filed their motions and answers, the cause went to trial, and the court heard evidence for two full days and a part of the third day, when appellants filed their motion to have the cause sent back to the St. Joseph Circuit Court. Such superior court had general jurisdiction of the subject-matter (§1608 Burns 1926), and having such general jurisdiction, appellants waived their right to object to the court's jurisdiction of the particular case by failing to object thereto, and by proceeding to trial in such court. The court did not err in its rulings as to jurisdictional questions.

There was no error in overruling appellants' motion to make the complaint more specific. The claim, together with the bill of particulars, sets out minutely the various services performed.

There is one substantial question presented under the

motion for a new trial. In the examination of witnesses as to the value of appellees' services, appellees examined certain attorneys as experts, to each of whom they propounded a hypothetical question covering about eight pages in the record, embraced in which was a detailed assumption of the services performed from time to time during the progress of the settlement of the estate, and, on this assumption, each expert witness, as an attorney, was asked as to his opinion as to the reasonable value of the services performed. On cross-examination, appellants undertook to examine such expert witnesses as to the value of each service respectively performed. Appellees' objection to such questions was sustained, and they were not permitted to cross-examine such expert witnesses in detail as to the respective items of service.

It is appellees' contention that their direct examination of such expert witnesses was upon the theory of an entire employment to open, administer and settle the estate, and that it took into consideration only the entire service and responsibilities involved. But if it be conceded that appellees' theory was that of an entire employment, the question assumed in much detail the services performed, substantially as set out in their bill of particulars, and it is well settled that when a direct examination opens up a general subject, the cross-examination may go into any and all details of that subject, and counsel may dissect and separate, or unite and join, the facts involved in the general subject, confining the cross-examination to the subject-matter of the examination in chief. *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 557, 14 N. E. 572; *DeHaven* v. *DeHaven* (1881), 77 Ind. 236; *Vogel* v. *Harris* (1887), 112 Ind. 494, 14 N. E. 385; *Henderson* v. *Henderson* (1905), 165 Ind. 666, 669, 75 N. E. 269. And such cross-examination is proper for the purpose of testing the

knowledge of the witness as to the value of the respective services performed, from which he reaches his conclusion as to the total value of the services. *McNutt* v. *Pabst* (1914), 25 Cal. App. 177, 143 Pac. 77; *Conway* v. *Metropolitan Street R. Co.* (1912), 161 Mo. App. 81, 142 S. W. 110.

For the error in refusing to permit the cross-examination of the attorneys as expert witnesses as to the value of the respective services performed, the judgment is reversed.

McMahan, P. J., not participating.