PARK IMPROVEMENT COMPANY *v.* REVIEW BOARD OF UNEMPLOYMENT COMPENSATION DIVISION OF THE DEPARTMENT OF TREASURY OF INDIANA ET AL.

[No. 16,816.  Filed October 22, 1941.]

*James P. Murphy,* of Fort Wayne, for appellant.

*George N. Beamer,* Attorney General, *Joseph P. McNamara,* Deputy Attorney General, and *Thomas M. Quinn, Jr.,* and *Charles W. Grubb,* both of Indianapolis, for appellees.

BLESSING, C. J.—This proceeding was instituted by appellee Charles J. Doell against the appellant, Park Improvement Company, for benefits under the Unemployment Compensation Law of Indiana. Appellant resisted the claim and requested a hearing before an appeal tribunal of said Unemployment Compensation Division. There was a hearing before the appeal tribunal which resulted in a finding and decision for appellee Doell. Thereafter appellant appealed to the review board of the unemployment division which affirmed the decision of the appeal tribunal.

The finding and decision of the review board is as follows:

"The employer is engaged in selling cemetery lots that are owned by another company. In the early part of 1937, this employer entered into an agreement with a group of individuals, and that group was given the exclusive right to sell certain cemetery lots. This agreement, which was in effect from March 1, 1937, through February 28, 1938, contained the following provision in which the employer was referred to as 'PARK,' and the group that was the other party to the agreement was referred to as 'SELLER':

" '. . . All salesmen shall be obtained, trained, and directed by the Seller but shall be in the employ of the PARK. The SELLER agrees to have each salesman so employed sign a "Salesman's Commission Payment Agreement" and to deliver the same to the PARK, a form of which is attached hereto, and made a part of the terms and conditions of this agreement. The SELLER agrees that the PARK should have full power to discharge any sales employee who proves unsatisfactory with respect to character, ability, or methods employed in the faithful performance of work allotted to him or her. . . .'

"The claimant continued to work without change in his methods after the expiration of the contract by the PARK and the SELLER. The claimant furnished his own car and paid his own expenses

and was paid strictly on a commission basis. The company further reported the claimant's earnings to the Division and paid contributions on them.

"POINTS AND AUTHORITIES:

"Section 2 (h) (5) (A) and (B) of the Indiana Unemployment Compensation Law reads as follows:

" 'Section 2 (h) (5). Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that:

" '(A)   Such individual has been and will continue to be *free from control or direction over the performance of such services, both under his contract of service and in fact;* and

" '(B)   Such individual is customarily engaged in an independently established trade, occupation, profession or business; or is an agent receiving remuneration solely upon a commission basis and who is master of his own time and effort.'   (Italics of Review Board.)

"FINDINGS AND CONCLUSIONS:

"The Review Board finds that under the referred to agreement, the employer reserved the right to direct and control the services of the claimant and that at the expiration of the contract, the claimant continued to work in the same manner as during the period in which the contract was in force; that the employer treated him as an employee and so recognized him as such.   It is not necessary within the meaning of Section 2 (h) (5) that the employer actually exercise its right to direct and control the services of the individual to constitute such individual an employee.   It is sufficient if the employer has the right to direct and control the services.

"DECISION:

"It is held that the claimant was properly reported as an employee by the protesting employer and that he is entitled to receive benefits upon the wage credits so reported."

In the appeal to this court, the only error assigned is that the finding and decision of the Review Board is contrary to law.

The Greenlawn Memorial Association was an Indiana corporation which owned a number of cemetery lots. This association had a contract with the appellant, the Park Improvement Company, whereby the latter was to sell said lots. The appellant then entered into a contract with one W. L. Halberstadt, a sales promoter, who was to handle the sales of the lots of the Greenlawn Memorial Association for the Park Improvement Company. One of the relevant provisions of this contract is as follows: (The Park Improvement Company is referred to as the "Park" and W. L. Halberstadt is referred to as the "Seller.")

> "4. All salesmen shall be obtained, trained, and directed by the SELLER but shall be in the employ of the PARK. The SELLER agrees to have each salesman so employed sign a 'Salesman's Commission Payment Agreement' and to deliver the same to the PARK, a form of which is attached hereto and made a part of the terms and conditions of this agreement. The SELLER agrees that the PARK should have full power to discharge any sales employee who proves unsatisfactory with respect to character, ability, or methods employed in the faithful performance of work allotted to him or her."

The appellee Charles Doell went to work as a salesman when Halberstadt entered into the above-mentioned contract with the appellant. Appellee testified that under his contract with Halberstadt he was to receive a 15% commission on the sale of any or all lots sold for the Greenlawn Memorial Association; that he used his own car, paid his own expenses, and worked whenever he wanted to, but was not compelled to go out and make a sale. He also testified that the company supplied him with prints and pictures of the lots, contract forms and receipt books, and that the company held sales meetings each morning for the purpose of assisting the salesmen in their approaches in handling

the matter. The salesmen were requested to attend the meetings every morning; but Doell missed some of them, and nothing was ever said about it.

The contract between the appellant and Mr. Halberstadt provided that the appellant was to make collections and pay the salesmen's commissions. The appellant had paid the contributions imposed pursuant to the Indiana Unemployment Compensation Law; but after an audit of the books, the auditor, a certified public accountant, informed appellant that it was error to report the wages of Doell and proposed that an application for refund be filed.

There are two issues involved in this appeal, the first being the contention of appellant that the review board had no jurisdiction because the appellant was not an employer within the meaning of the Unemployment Compensation Law; and the second being the contention of the appellant that the claimant was an independent contractor, free from direction and control, and not an employee.

The Indiana Unemployment Compensation Law provides that "employer" means:

"Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)." Acts of 1939, ch. 121, § 1 (g) (1), p. 585.

There was no evidence offered by the claimant or appellant before the appeal tribunal or the review board as to whether or not appellant employed eight or more persons. Appellant contends that since the claimant failed to prove that the appellant employed

eight or more persons there was a failure to establish a jurisdictional fact, and that this question can be now raised for the first time in this court.

Questions as to jurisdiction of the person are waived if not raised before a general appearance in court. *Eel River R. Co.* v. *State ex rel.* (1900), 155 Ind. 433, 57 N. E. 388. But questions as to jurisdiction over the subject-matter may be raised at any time without a formal motion or bill of exceptions, and courts of their own motion may raise the question of jurisdiction and refuse to proceed in the case. *Prather* v. *Brandon* (1909), 44 Ind. App. 45, 88 N. E. 700. An apparent exception to the rule that the jurisdiction of the court over the subject-matter may be raised at any time is that where the court has jurisdiction over the subject-matter, but its jurisdiction over the particular proceeding is involved, the question must be raised at the earliest opportunity or it is waived. *Tucker* v. *Sellers* (1891), 130 Ind. 514, 30 N. E. 531. Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings then before the court belong. *Chicago & Atlantic Railway Company* v. *Sutton* (1891), 130 Ind. 405, 30 N. E. 291. Both the appeal tribunal and the review board are given jurisdiction over this class of cases, that is, claims for benefits, by § 6, subsections (d) and (e) of Chapter 121 of the Acts of 1939, § 52-1508, Burns' 1933 (Supp.). Since there was jurisdiction of the general subject-matter, the specific objection that the Park Improvement Company did not employ eight or more individuals, not having been raised below, was waived and cannot now be considered in this appeal. Watson's Revision of Works Practice, Vol. 1, § 120, p. 78, and cases cited. See also *Grasselli Chem-*

*ical Co.* v. *Simon* (1926), 84 Ind. App. 327, 150 N. E. 617.

The second question to be considered is whether or not appellee Doell was an employee, and as such entitled to benefits.

■ The Unemployment Compensation Law provides (§ 1 (h)): ·

"(5) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that:

"(A) Such individual has been and will continue to be free from control or direction over the performance of such service, *both under his contract of service and in fact;* and

"(B) Such individual is customarily engaged in an independently established trade, occupation, profession or business; or is an agent receiving remuneration solely upon a commission basis, and who is the master of his own time and effort." (Our italics.)

Since claimant was an agent receiving remuneration solely upon a commission basis and was master of his own time and effort, the decisive factor is his freedom from control or direction. This freedom from control means freedom from the right to control. *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845.

In the case of *Industrial Commission* v. *Northwestern Mut. Life Ins. Co.* (1939), 103 Colo. 550, 558, 88 P. (2d) 560, it was held that the power to terminate a contract for personal service at any time without liability for it is an important factor in arriving at a conclusion as to whether the individual is free from control and direction " 'because the right immediately to discharge involves the right of control.' "

The appellant in its contract provided that all sales-men should be *in its employ* and that it should have full power to discharge any sales employee who proved unsatisfactory with respect to character, ability, or methods employed in the faithful performance of work allotted to him or her. The authority to discharge the appellee on account of methods employed necessarily implied the right of control over such methods, and consequently the existence of the employment relationship.

Since the contract expressly states that appellee was in appellant's employ and subject to discharge at any time, appellee was not free from control under the terms of the contract.

The sales meetings which were held each morning were held to direct the salesmen as to the methods to be used. The appellee testified that he missed several of these meetings and nothing was ever said about it. This is not evidence that appellee was free from control, but only evidence that appellant did not actually exercise its right of control in this particular.

Concerning the contention of the appellant that appellee Doell was an independent contractor, it was pointed out, in the case of *Marion Malleable Iron Works v. Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559, by this court that a contractor is one who makes an agreement with another to do a piece of work, retaining in himself control of the means, methods, and manner of producing the result, and without either party having the right to terminate the contract at will.

We are of the opinion, from the facts in this case, that appellee Doell was performing services for re-

■ muneration under the Unemployment Compensation Act as interpreted by this court in *In re Zeits* (1941), 108 Ind. App. 617, 31 N. E. (2d) 209, and therefore entitled to benefits.

Award affirmed.

NOTE.—Reported in 36 N. E. (2d) 985.