STATE EX REL. JOHNSON *v*. REEVES, JUDGE, ETC. ET AL.

[No. 29,252.   Filed April 14, 1955.]

*John G. Bunner,* of Evansville, for relator.

*Arthur F. Denton,* Deputy Prosecuting Attorney, for respondents.

BOBBITT, J.—Relator seeks a writ of prohibition to prevent the Vanderburgh Circuit Court and Honorable Ollie C. Reeves, as Judge thereof, from enforcing an order and judgment entered pursuant to a hearing held in said court under the Reciprocal Enforcement of Duties of Support Act, Acts 1951, ch. 224, p. 640, as amended by Acts 1953, ch. 148, p. 478, being §§3-3103 to 3-3120, Burns' 1946 Repl. (1953 Cum. Supp.).

Relator asserts that the Vanderburgh Circuit Court and the judge thereof is without jurisdiction because of the failure of the initiating state to comply with the provisions of §11 of the Act, §3-3111, Burns' 1946 Repl. (1953 Cum. Supp.)[1] which require that a copy of the act of the initiating state (State of Arizona) be certified over the signature of the judge of the court.

Relator's petition shows that on November 4, 1953 there was filed in the Vanderburgh Circuit Court three certified copies of a complaint, three certificates of the judge of the Superior Court of Pima County, Arizona,

---

1. Section 3-3111, Burns' 1946 Repl. (1953 Cum. Supp.), is as follows:

"If the court of this state acting as an initiating state finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, he shall so certify and shall cause three [3] certified copies of the complaint, and three [3] certificates and a copy of this act in mimeographed or other form certified over the signature of the judge of the court to be transmitted to the court of the responding state."

relating to the court proceedings there, and a copy of a purported act titled: "Chapter 34, House Bill No. 1, 21st Legislature, House of Representatives, State of Arizona." These were accompanied by a certificate of the clerk of the Superior Court of Pima County, Arizona, stating that she had compared the attached copy of "Arizona Uniform Reciprocal Non-Support Act" with the original record of the same remaining in the office of the clerk of the Superior Court of Pima County, Arizona, and that the same is a true and correct transcript therefrom. The copy of the Arizona Act was not certified by the judge. Summons herein was issued for the relator, Edmond Johnson, returnable on the 21st day of November, 1953. On the return day John G. Bunner, a member of the Vanderburgh County Bar, entered his special appearance for relator for the purpose of filing a plea in abatement. The record does not show the filing of any such plea.

On January 18, 1954 relator filed a motion to dismiss the action on the grounds (1) that ch. 224 of the Acts of 1951, *supra,* as amended, was unconstitutional, and (2) that the Superior Court of Pima County, Arizona, was without jurisdiction of said relator. This motion was overruled on October 9, 1954.

Relator subsequently filed a general answer to the complaint, and on October 30, 1954 trial was had wherein judgment was entered against relator herein. On November 29, 1954, a motion for a new trial was filed and subsequently overruled.

The record thus discloses that after relator entered a special appearance for the purpose of filing a plea in abatement, he then appeared generally by filing a motion to dismiss, by filing a general answer, and by appearing and participating in the trial.

The sole question here is one of jurisdiction.

This court has held that jurisdiction embraces three essential elements: (1) jurisdiction of the subject-matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646; *Gilmour* v. *State* (1952), 230 Ind. 454, 457, 104 N. E. 2d 127; *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1952), 230 Ind. 277, 284, 100 N. E. 2d 888.

If the Vanderburgh Circuit Court had jurisdiction of the subject-matter, the person, and the particular case, then this court is without the power to grant the relief sought by the action herein and the alternative writ should be dissolved.

The trial court had jurisdiction of the class of cases to which the case at bar belongs. Acts 1951, ch. 224, §9, p. 640, being §3-3109, Burns' 1946 Repl. (1953 Cum. Supp.), *supra*. Therefore, it had jurisdiction of the subject-matter of the action herein. *McCoy* v. *Able* (1892), 131 Ind. 417, 420, 30 N. E. 528; *Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 545, 36 N. E. 2d 985.

Jurisdiction of the person was conferred and any question pertaining thereto was waived by relator's general appearance in the trial court. *Eel River R. Co.* v. *State, ex rel.* (1900), 155 Ind. 433, 440, 57 N. E. 388; *Tucker, Treasurer* v. *Sellers* (1892), 130 Ind. 514, 518, 30 N. E. 531; *Nesbit* v. *Long* (1871), 37 Ind. 300; *Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 545, 36 N. E. 2d 985, *supra; Jefferson Pk. R. Corp.* v. *Kelley, Glover & Vale* (1938), 105 Ind. App. 313, 323, 12 N. E. 2d 977; 14 Am. Jur., Courts, §193, p. 387; Lowe's Rev., Works' Indiana Pract., Vol. 1, §5.14, p. 138.

Since the trial court had jurisdiction of the subject-matter and of the person there remains then only the

question—Did the failure of the judge of the Arizona Court to affix his certificate to the copy of the Arizona Act, as required by the statute, deprive the Vanderburgh Circuit Court of jurisdiction of this particular case under the facts and circumstances as shown by the record herein before us?

It seems clear that if the trial court had jurisdiction of the general subject-matter of the action herein and of the defendant-relator, that the question here presented then goes directly to the jurisdiction of the particular case—the right, authority and power of the Vanderburgh Circuit Court to hear and determine *this* case. This court in *Pittsburgh, etc. R. Co.* v. *Gregg* (1914), 181 Ind. 42, 102 N. E. 961, on the question of whether a board of county commissioners had jurisdiction of a particular proceeding for the establishment of a public highway, at p. 48 of 181 Ind. said:

"... it is well settled that the want of jurisdiction over the particular case then before the court, belonging to the general class of cases over which the court has jurisdiction may be waived by failure to make timely and specific objection. *Daniels* v. *Bruce* [(1911), 176 Ind. 151, 95 N. E. 569] *supra*, and cases therein cited."

Also, in *Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 545, 36 N. E. 2d 985, *supra*, it is said:

"An apparent exception to the rule that the jurisdiction of the court over the subject-matter may be raised at any time is that where the court has jurisdiction over the subject-matter, but its jurisdiction over the particular proceeding is involved, the question must be raised at the earliest opportunity or it is waived. *Tucker* v. *Sellers* (1891), 130 Ind. 514, 30 N. E. 531."

See also: *Plew* v. *Jones* (1905), 165 Ind. 21, 25, 74 N. E. 618; *Tucker, Treasurer* v. *Sellers* (1892), 130 Ind. 514, 518, 30 N. E. 531, *supra; Park Im-*

*provement Co.* v. *Review Board, etc.* (1941), 109
Ind. App. 538, 545, 36 N. E. 2d 985, *supra; Jeffer-
son Pk. R. Corp.* v. *Kelley, Glover & Vale* (1938),
105 Ind. App. 313, 324, 12 N. E. 2d 977, *supra;
Stoll, Exr.* v. *Rich, Exr.* (1929), 88 Ind. App. 639,
641, 165 N. E. 67; 21 C. J. S., Courts, §109, p. 163,
166.

Did relator herein raise the question of jurisdiction
of the case at bar at the earliest opportunity?

There is nothing in the record before us to show that
relator, at any time in the trial court, raised the ques-
tion of jurisdiction of the particular case. The
failure of the judge in Arizona to properly cer-
tify a copy of the Arizona Act was first raised
in this court. Under these circumstances it cannot be
said that the question of jurisdiction of the particular
case was raised "at the earliest opportunity"; and by
relator's failure to do so at the proper time in the trial
court he waived any question pertaining thereto.

In support of his petition relator has relied upon
*State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106
N. E. 2d 441, and other decisions of this court per-
taining to special statutory proceedings to recount votes
and contest elections.

There is a clear distinction between *State ex rel.
Ayer* v. *Ewing, supra,* and the cases cited therein, and
the case at bar. In the Ayer case, as in all of the cases
upon which it is grounded, the jurisdictional question
pertaining to the sufficiency of the petition was raised
at the *first opportunity in the trial court.* No question
of waiver of a deficiency in the petition was present or
raised at any time in any of these cases. In the case
at bar relator went on to trial without objecting to
the alleged omission or defect in the petition (tran-
script), a matter which, if timely raised, might have

frustrated the trial. See: *Blanton* v. *State* (1954), 233 Ind. 52, 116 N. E. 2d 631, 632.

Since relator, by his failure to challenge the jurisdiction of the particular case at the proper time in the trial court, has waived any question thereto, it then follows that all of the essential elements of jurisdiction were present in the Vanderburgh Circuit Court and it had the right and power to hear and decide the case herein. This being true, the alternative writ heretofore issued should be dissolved and a permanent writ denied.

Alternative writ heretofore issued dissolved and a permanent writ denied.

Achor and Levine, JJ., concur.

Emmert, J., concurs with separate opinion in which Henley, C. J., concurs.

### CONCURRING OPINION

EMMERT, J.—Relator by this original action for a writ of prohibition seeks to attack what he alleges to be an attempt to enforce a judgment entered under the Uniform Reciprocal Enforcement of Support Act, §§3-3101 to 3-3120, Burns' 1946 Replacement (Supp.), (Acts of 1951, ch. 224, as amended by ch. 148 of the 1953 Acts). The certified copies of the proceedings in the trial court made exhibits to the petition in compliance with Rule 2-35, fail to show any petition to cite relator for contempt of court for failure to comply with the judgment. Exhibit G is a bill of exceptions containing the evidence on the hearing had before the judgment.

One of relator's contentions is that the finding of the Arizona court was a judgment without notice and *ex parte* as to him, and therefore in violation of the due process clause of the Fourteenth Amendment, as decided in *Pennoyer* v. *Neff* (1878), 95 U. S. 714, 24

L. Ed. 565, and cases following it. It is quite evident from §3-3111, Burns' 1946 Replacement (Supp.), it does not have the effect of any judgment, since it is limited to a finding that "the complaint sets forth facts from which it may be determined that he defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property." The statute in no place makes this finding evidence in the Indiana trial court, and since the proceedings in the Arizona court are *ex parte* as to him, under the rule nothing will be taken by intendment in a special statutory proceeding, we are not at liberty to imply the finding or the complaint constitute evidence against the defendant on the issues stated therein.

An original action in this court for a writ of prohibition to the trial court is a direct attack upon the jurisdiction of the trial court, and, with rare exceptions, it has been used to correct a jurisdictional error before judgment.[1] Section 3-2201, Burns' 1946 Replacement, conferring our jurisdiction to issue writs of prohibition, authorizes us "to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to their respective, lawful jurisdiction." We have never held as a general rule that prohibition would not lie where the jurisdictional error could be corrected by appeal. Such a holding would virtually abolish the writ, but on the other hand the writ of prohibition should not be used to abolish the right of appeal after judgment where jurisdictional error is involved.

---

1. In *State ex rel. Wm. H. Block Co.* v. *Superior Court of Marion County* (1943), 221 Ind. 228, 47 N. E. 2d 139, this court did prohibit the enforcement of a judgment entered by a special judge after the regular judge had sustained a motion for a new trial, and further mandated the special judge to expunge the judgment.

In this original action the temporary writ was im providently issued, since the matter went to judgment, and relator's right of appeal would be an adequate remedy. *Amer. Aggregates Corp.* v. *Superior Court of Marion County* (1935), 207 Ind. 544, 194 N. E. 148.

It is unnecessary in this case to attempt any classification of jurisdiction into the various rules as stated by the countless cases. Unfortunately mere definition of several classes of jurisdiction does not always solve the problems involved in the particular cases, and it is generally unsafe to use any definition as a major premise for determining an issue in any particular case. There is much conflict in the language in the opinions, and the words must always be interpreted in the light of the facts of the particular case. The correct result often depends upon whether the attack was a direct attack, made by prohibition before judgment, or a direct attack made by appeal after judgment. The reasoning in such cases may be inapplicable on an appeal from a judgment in a collateral attack. Questions of law as distinguished from questions of fact are also material in correctly interpreting the precedents. In view of the jurisdictional difficulties involved, the court is on safer ground to limit the relator to his right of appeal. Therefore, I concur in the result.

Henley, C. J., concurs in this opinion.

NOTE.—Reported in 125 N. E. 2d 794.