E. J. THURMAN, Respondent, v. WILLIAM JAMES, Appellant.

1. *Practice, civil — Jeofails, statute of — Dismissal and discontinuance.—* Under the statute (Wagn. Stat. 1036, § 19) no judgment, after an actual trial or submission, will be affected by any previous dismissal of the suit. And *semble,* that where parties appear and go to trial after an order of dismissal, it will be presumed to have been set aside.

*Appeal from Morgan Circuit Court.*

*J. A. Spurlock,* for appellant.

*J. T. Campbell & Pemberton,* for respondent, cited the statute of *jeofails* (Wagn. Stat. 1036, § 19).

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding by motion to quash an execution and vacate the judgment upon which it was issued. It is claimed that the judgment was rendered without notice to the defendant, and the supposed want of notice is the ground stated in the motion for setting aside the judgment.

The record, however, shows that the parties were present in court; that they appeared by their respective attorneys; that the case was tried by the court, and a judgment rendered for the plaintiff to recover of the defendant the sum of $25. So far

the record shows a regular and formal judgment, the parties being present and consenting to the proceedings. Whether or not they were brought in by virtue of any antecedent process or proceeding, is perhaps not important, since the statute (Wagn. Stat. 1036, § 19) provides that no "judgment, after trial or submission," shall be impaired or affected for any "default or defect of process," or because of any antecedent "miscontinuance or discontinuance." The parties having appeared and submitted themselves to the jurisdiction of the court, the judgment cannot be disturbed by a prior discontinuance, or because of any want or defect of antecedent proceedings.

It appears in the case before us that the suit had been dismissed by consent of parties, and the record fails to show, except inferentially, that the order of dismissal had been set aside. The dismissal had the effect of a discontinuance; and, as we have seen, the statute provides that no judgment, after an actual trial or submission, shall be affected by any previous discontinuance of the suit. In practice, a dismissal and a discontinuance amount to the same thing, and are but different words employed to convey the same idea, namely, that the cause is sent out of court. The objection, therefore, that the cause had been previously dismissed, is without force. It has been decided, moreover, that when a verdict on which a judgment has been rendered is set aside and a new trial had, it will be considered that the judgment was also set aside, although the record fails to show that fact. (Lane v. Kingsberry, 11 Mo. 402.) It might on the same principle, as it occurs to me, be considered in this case that the order of dismissal was set aside, since the parties appeared and went into a trial, and the court assumed jurisdiction of the case and rendered a judgment therein. It is to be presumed that courts act regularly unless the contrary appears.

It is not suggested that the attorneys appeared without authority, or that the judgment was excessive in amount, or even for the wrong party.

It is further urged, as a reason for setting aside the judgment and quashing the execution, that the court rendering the judgment had ordered the stay of a prior execution issued upon that

judgment. The record fails to show that fact. It simply shows that the court ordered the sheriff to " suspend the sale" of certain property seized under the former execution. The order of suspension did not affect the validity of the execution or disturb the judgment upon which it was issued. I see nothing in the case that would warrant a reversal of the judgment of the court below, and it will accordingly be affirmed. The other judges concur.