English v. Dickey.

Filed April 28, 1891.

————◆————

No. 16,074.

ENGLISH v. DICKEY.

ELECTIONS.—*Contest.*—*Limitation of Time for Trial Before County Commissioners.*—*Continuance.*—The provision of section 4761, R. S. 1881, limiting to twenty days the duration of a session of the board of county commissioners when convened to try a contested election case, is mandatory, and the limitation applies to the entire proceeding, and not merely to the hearing of testimony. Where, therefore, the contestor before the expiration of the term obtains a postponement which carries the cause beyond the time limited, he thereby discontinues his contest.

SAME.—*Computation of Time.*—Section 1280, R. S. 1881, applies in computing the time, and Sundays are excluded only as provided by that section.

SAME.—*Discontinuance.*—*Costs.*—Where an election case is discontinued the costs should be taxed against the contestant. Section 4765, R. S. 1881.

English v. Dickey.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*S. A. Bonner*, for appellee.

MCBRIDE, J.—The appellant and the appellee were opposing candidates for the office of sheriff of Decatur county, at the general election in November, 1890. The board of canvassers declared the appellee elected, and thereupon the appellant instituted this proceeding to contest the election. The necessary preliminary steps having been taken, the auditor of the county issued and caused to be served on the board of county commissioners a notice convening them in special session on the 4th day of December, 1890, to try such proceeding, and also issued and caused the service on the contestee of notice, as required by section 4760, R. S. 1881. At the time fixed the board of commissioners convened, the parties, contestor and contestee, appeared in person and by counsel, and such steps were taken from time to time as carried the cause to the 22d day of December, 1890, which time was set for the commencement of the trial proper. On the 22d day of December, 1890, the parties appeared, and the contestor moved for a postponement of the cause to Friday, December 26th, 1890, which motion was sustained.

The record entry of this motion, and of the order postponing the cause, is as follows :

" Comes now the contestor by his attorney, and in person, and asks that the hearing of the cause at issue be postponed until Friday, December 26th, 1890, to which the contestee interposes no objections, and which was accordingly done."

On the 26th day of December, 1890, the board again convened, the parties appeared, and the contestee moved the court to discontinue the cause for the reason that more than twenty days had elapsed since the board of commissioners were called to try and determine the same.

The board sustained the motion. The contestor thereupon appealed to the circuit court. In the circuit court the

motion to discontinue was renewed, and sustained by the court. The court thereupon rendered judgment confirming the contestee in his office, and against the contestor for costs.

The contestor, in his appeal to this court, assails the action of the court below upon two grounds:

1st. That the court erred in sustaining the motion to discontinue.

2d. That the court erred in rendering judgment against the appellant for costs.

Whether the motion to discontinue the cause was rightly sustained or not depends upon the construction to be given to sections 4760 and 4761, R. S. 1881. The two sections in question are as follows:

" 4760. When such statement is filed with the auditor, he shall issue a notice to the board of county commissioners to meet at the court-house at a designated time, not less than ten nor more than twenty days thereafter, to try such contested election, and shall issue a notice to the contestee to appear at the time and place specified in the notice to the commissioners; which, with a copy of such statement, shall be delivered to the sheriff of the county, who shall, within five days thereafter, serve the same on the contestee, by delivering to him a copy of such notice and statement, or leaving a copy thereof at his last usual place of residence.

" 4761. The auditor, at the request of either party, shall issue subpœnas, which shall be served by the sheriff. Such board of commissioners shall try and determine such contest; and shall have power to compel the attendance of witnesses, to swear and examine the same, to punish contempts as other courts, to adjourn or continue the trial from time to time, not exceeding twenty days altogether; to make the necessary orders for the payment of costs, and to coerce the payment of the same, and shall be governed in such trial by the rules of law obtaining in circuit courts. And if it be proved that any other person than the contestee has the

English *v.* Dickey.

highest number of legal votes, such board shall declare such person elected, and certify the same to the proper officer."

The controversy between the parties is over the twenty-day limitation contained in section 4761. Appellant's position is that it is not an absolute limitation, but is merely directory, and applies solely to the trial proper, after the cause has been submitted and the parties have commenced the introduction of testimony; while the appellee contends that it is mandatory, is an absolute limitation, and embraces the entire proceeding, beginning with the day when the board is convened and organized to enter upon the investigation, and that when twenty days have elapsed the board has no longer jurisdiction to proceed. But little authority has been cited bearing upon this question, and we are inclined to think the authorities are somewhat meagre; indeed, we not only know of no case wherein the precise question has been decided, but no authority has come to our attention wherein the questions decided have sufficient analogy to make them of much value as authority, except as they serve to indicate the rule by which to construe the statute. The policy of the law seems to be to compel prompt action in hearing and disposing of contested elections.

The learned author of McCrary on Elections places much emphasis on this. He says: "A statutory provision requiring notice of contest to be given within a given time, from the date of the official count, or from the declaration of the result, or the issuing of the certificate of election or the like, is peremptory, and the time can not be enlarged. * * * And it may be added that there is the strongest reason for enforcing this rule most rigidly in cases of contested elections, because promptness in commencing and prosecuting the proceedings is of the utmost importance, to the end that a decision may be reached before the term has wholly, or in great part, expired." Section 392.

Again: "The courts should require the parties to speed

the cause, so that the official term which is in dispute may not expire, either in whole or in large part, before the final decision is reached." Section 396.

Again : " There is, however, a very strong reason for requiring any such amendment to be made instanter, and for bringing an election case to a prompt and speedy trial and determination, and it is this : The subject-matter of the controversy is daily growing less, and of less importance and value. The office is usually for a short term of one or perhaps several years only, and if the 'law's delays' are to be allowed in these as in other cases, the term would often expire before a decision could be reached." Section 407.

Again : "As we have already seen, there are strong reasons for requiring the parties to an election contest to use great diligence in preparing for an early trial." Section 408 ; of similar tenor is section 421.

The case of *Bull* v. *Southwick*, 2 N. M. 321, was an election contest. The statute limited the time within which answers should be filed. Answers were filed within the time limited, but afterward, and after the expiration of the time limited, the contestee asked leave to file additional answers. The court said :

" It is also my opinion that the very object of the statute, in regard to the pleadings and practice in contested election cases, is to afford, and at the same time to compel the observance of, a speedy mode for conducting and terminating such cases. * * * These statutory provisions, as to the time of filing and serving the notice of contest, answer and reply, are in effect statutes of limitation, taking from the judge all discretion as to extending the time. In my opinion this is one of the most salutary of our statutory laws. Experience has demonstrated that without some such compulsory mode as to the time of making up issues and their trial in contested election cases, subterfuges and delays might, and would be successfully resorted to, so that a final

determination could not be reached before the term of office would expire."

This case is followed, and its interpretation of the statute is approved, in *Vigil* v. *Pradt* (N. M.), 20 Pacific Reporter, 795.

These authorities may aid us in determining the legislative intent, as it will be presumed the law-making power, in the enactment of a given statute, had in view settled rules of construction, and intended that it should be construed in the light and line of the settled and uniform policy of the law as relating to the subject-matter of the statute in question. Sutherland Statutory Construction, sections 287–289, *et seq.*, and section 333.

We conclude, therefore, that the Legislature intended by the limitation to compel a speedy determination of cases of this character.

It is a part of the common experience of those connected with courts, of which we must take notice, that the delays of litigation as a rule precede the trial proper of causes, and that after a cause is submitted, and the hearing of testimony commenced, it usually proceeds without interruption. It is before that time that the party desirous of delay employs his arts. If, therefore, the Legislature intended by this provision of the statute to prevent delay, it is improbable that they would enact a time limitation applying only to that part of the procedure least liable to abuse by delay. If it was intended that the limitation should apply to only a portion of the procedure, we think it would probably have been applied to the steps preceding that time.

In our opinion it was the intention of the Legislature that the entire time given to the consideration of a contested election case by the board of county commissioners should be twenty days altogether. They are notified by the auditor to meet in special session for that purpose, and the limitation is intended to indicate the entire length of the special session which they may thus hold. The notice issued to them is that

they meet at a designated time " to try such contested election."

Convened and organized in obedience to such notice, they constitute a special tribunal, having no authority except to try and decide that particular case, and within the meaning of the statute the trial commences as soon as they are convened and organized, and the parties appear before them. If the limitation applies only to the actual hearing of testimony, almost the last act in the drama, their session may be protracted indefinitely. This may be done, not necessarily by reason of any indifference or desire for delay on the part of the board, but the skill and ingenuity of counsel, by the use of dilatory practices, may find it possible to secure such delays as would indefinitely prolong the proceeding. If the limitation does not apply to the entire proceeding, there is no limit fixed by the statute for the length of the session of such tribunal. This would be of itself so unusual and exceptional that unless forced to it we could not adopt such a construction of the statute. The board of county commissioners, convened for any other purpose, have the limit of their sessions clearly fixed. Even the courts of record of the State, courts having general jurisdiction, all have fixed terms, and the circumstances under which they may continue in session beyond the time fixed are clearly specified.

Section 284, Elliott's Supplement, provides as follows: " That if at the expiration of the time fixed by law for the continuance of the term of any court the trial of any cause shall be progressing, said court may continue its sitting beyond such time, and require the attendance of the jury and witnesses, and do, transact and enforce all other matters which shall be necessary for the determination of such cause ; and in such case, the term of said court shall not be deemed to be ended until the cause shall have been fully disposed of by the court."

While not deciding the question, because not necessary to a decision of this case, it is possible that if the trial of a

contested election case was progressing at the expiration of the twenty days, this statute might apply, and operate to extend the term until it could be finally disposed of. Such a continuance, however, which may be called a continuance or extension of the term by necessity, would be a very different thing from that which was attempted in this case. Here, a special tribunal created and convened for a special purpose, with the period of its duration limited to twenty days, was convened, and entered upon the discharge of its duties on the 4th day of December. On the 22d day of December, two days before its existence must terminate by operation of law, the party at whose instance it was convened, who invoked its creation that it might adjudicate upon his rights, asks that the cause may be continued two days beyond the legal limit of the existence of the tribunal. His request is granted, and an order of that character is made continuing the cause to the 26th day of December. When that time arrives, the court no longer exists. It had ceased to exist two days before, and the law had made no provision for its resuscitation. It was no longer in the power of the parties, even by agreement, to give it life and again clothe it with jurisdiction.

When the board again assumed to meet, on the 26th day of December, it had no legal existence as a court for the hearing of that cause, and no motion to discontinue the cause was necessary. There was nothing to discontinue, as the cause died with the court. What the effect of an order continuing the cause to a day beyond the term would be, if made by the court, over the objection of the contestor, we need not consider, as no such question is before us. What we do decide, however, is, that when the contestor himself, before the expiration of the term, without assigning any reason therefor, voluntarily asks and obtains a postponement which carries the cause two days beyond the time when the term would end by operation of law, he thereby discontinues his contest. Appellant insists, however, that if the

limitation of twenty days is to apply to the entire term, in the computation of the time, Sundays are to be excluded. He cites no authority in support of this proposition, and we know of none. The rule for the computation of time in such cases is fixed by section 1280, R. S. 1881, and is, that the time shall be computed by excluding the first day and including the last, and if the last day be Sunday it shall be excluded. This, of course, includes intervening Sundays.

Appellant also argues that the court had no power to order a discontinuance of the cause, as there is no such thing as a discontinuance known to our practice. Discontinuance and dismissal are synonymous terms. *Thurman* v. *James*, 48 Mo. 235. It is, however, not at all material what term was used; the case was at an end.

The judgment of the circuit court for costs was in accordance with section 4765, R. S. 1881, and was right.

Judgment affirmed, with costs.

MILLER, J., took no part in the hearing and decision of this cause.

Filed April 28, 1891.