A. J. LYON, Appellant, v. S. M. BARNES.

Dismissal of actions: NON-RESIDENT DEFENDANT. A non-resident defendant is entitled to a dismissal of an action as against him after final judgment discharging his co-defendant, a resident

of the country, from liability, under Code, section 3502; and this is true even though a judgment has been entered against the non-resident pending final disposition of the action against the resident defendant; and appearance prior to his right to a dismissal even though a verdict has been returned in favor of the resident is not a waiver of the right.

*Appeal from Buchanan District Court.*— Hon. F. C. PLATT, Judge.

WEDNESDAY, MARCH 13, 1907.

THE record shows that S. M. Barnes, a resident of Bremer county, employed the plaintiff to find a purchaser for his land, and that the latter induced W. E. Closson, of Buchanan county, to buy it. This action was begun in Buchanan county, and both Barnes and Closson made parties defendant. Upon the conclusion of the introduction of evidence in behalf of plaintiff, the defendant Closson moved that the jury be directed to return a verdict in his favor. The motion was sustained, and a verdict returned accordingly. Thereupon counsel for defendants announced that no evidence would be introduced in behalf of Barnes, and stated that, while he did not wish to consent to a verdict against his client, he would not except to an order so directing. Counsel for plaintiff then moved therefor, and the jury, in pursuance of the court's instructions, returned a verdict against Barnes for $147. Whether these verdicts were signed at precisely the same time is in dispute. Counsel for Barnes then moved that the action be dismissed as against him, on the ground of his non-residence and the failure to obtain judgment against his co-defendant who was a resident of the county, and this was supported by affidavit reciting that he was a resident of Bremer county. Two days later plaintiff filed his resistance, based on the claim that, after the dismissal of the action against Closson, Barnes had waived his right to a dismissal by proceeding with the trial of the issues raised in his separate answer. Being personally

present, he consented to the continuance of the trial and the submission of the cause to the jury and a return of a verdict in the case.  Two days thereafter plaintiff also moved for judgment on the verdict on the same ground, and on October 12th the defendant Barnes amended his motion to dismiss so as to request that the matter of entering judgment on the verdict in favor of Closson be first determined, and that, in event judgment were rendered thereon, defendant Barnes' motion for judgment be deemed re-filed at that time and then determined.  The original motion as well as the resistance was re-filed on that day.  Thereupon judgment of dismissal was entered in favor of Closson, and Barnes' motion was sustained, and the action against him dismissed.  The plaintiff appeals from the last ruling.— *Affirmed.*

*Cook & Cook* and *R. E. Leach,* for appellant.

*C. E. Ransier,* for appellee.

LADD, J.— The action was against Closson, a resident of Buchanan county, where the trial was had, and Barnes, a nonresident living in Bremer county.  At the close of plaintiff's evidence, verdict was directed and returned in favor of Closson.  Barnes then announced through his attorney that he did not care to introduce any evidence, and suggested the propriety of, without consenting to, directing a verdict against him.  Upon intimation by the court, plaintiff so moved, and such a verdict was returned.  Judgment was entered on the verdict in favor of Closson, and the action against Barnes dismissed on his motion by virtue of section 3502 of the Code, which enacts that:  "Where an action provided for in the preceding section is against several defendants, some of whom are residents and others non-residents of the county, and the action is dismissed as to the residents, or judgment is rendered in their favor, or there

is a failure to obtain judgment against such residents, such non-residents may, upon motion, have said cause dismissed, with reasonable compensation for trouble and expense in attending at the wrong county, unless they having appeared to the action, fail to object before judgment is rendered against them."

Appellant contends that this was error, for that Barnes, though a non-resident, being personally present, proceeded with the trial after the cause had been dismissed as against the resident Closson, and by submitting himself to the jurisdiction of the court waived the right to a dismissal of the action. Had this occurred there might be ground for an argument that such right had been waived. But the return of a verdict in favor of Closson was not a dismissal of the action. It did not terminate the jurisdiction of the court over the parties or the subject-matter. It might be set aside and a new trial ordered or in some cases judgment entered notwithstanding verdict. A dismissal signifies the ending of the particular suit, though not necessarily of the controversy involved. *Leese v. Sherwood,* 21 Cal. 151, 164. The term seems to have been borrowed from the chancery practice, and imports the same as discontinuance or the sending of the cause out of court. *English v. Dickey,* 128 Ind. 174 (27 N. E. 495, 13 L. R. A. 40); *Thurman v. James,* 48 Mo. 235; 14 Cyc. 391. So that the cause had not been disposed of as against the resident defendant as contemplated by section 3502, Code, prior to the return of the verdict against the non-resident, and the latter was not entitled to have the action dismissed as against himself until long after such verdict had been returned.

In *McAlister v. Safley,* 65 Iowa, 719, there was an agreement to try the issues between the plaintiff therein and the non-resident defendant. After plaintiff's opening statement, the defendant moved that as the action had been abandoned as against the resident defendants, it be dismissed against the non-residents. The ruling of the trial court in

refusing to dismiss was approved, on the ground that the action was still pending against the other defendants; the court saying that: " To constitute a failure to obtain judgment against them, there must have been either some final disposition of the case against those defendants or an abandonment by plaintiff of his claim against them." In *Brown v. Iowa Legion of Honor,* 107 Iowa, 439, the court held that the right of the non-resident to a dismissal must be raised by motion, and that this should be presented upon the discontinuance of the cause against the resident defendants. This does not mean that the motion can only be filed at that particular time, but that it should be pressed upon the attention of the court for consideration as a necessary sequence of the termination of the action against the residents. See, also, *Woodling v. Mitchell,* 127 Iowa, 262.

No right to have the action dismissed existed under this statute until it had been terminated as against the resident defendant, and, as appellee did nothing thereafter which might be construed as a waiver, the court did not err in dismissing the action as against him because of his non-residence. Appellant's motion to strike appellee's additional abstract is overruled.— *Affirmed.*