JONES *v.* STATE OF INDIANA, EX REL. SMOCK ET AL.

[No. 25,673.   Filed October 22, 1928.]

*Blankenbaker & Hall,* for appellant.

*B. F. Small* and *Hamill, Hickey & Harris,* for appellees.

PER CURIAM.—This is an action for mandate, §1244 Burns 1926. Appellee Smock brought this action against appellees Hendrich, Stalnaker and O'Brien, as members of the board of election commissioners of Vigo County, Indiana, and as the board of election commissioners of said county, praying for a judgment in mandate against the board to place his name upon the Republican ticket as a candidate for the office of county commissioner upon the official ballot which was to be voted at the general election in November, 1928. Thereafter, upon request by others except appellee Smock, Jacob L. Jones was made a party defendant in the action. After appellant Jones was ordered by the court to be made a party defendant in the action, appellee Smock

filed with the court interrogatories in two sets, one to be answered by appellant Jones, and the other to be answered by appellees, the members of the board of election commissioners. Appellant Jones filed his answers to the interrogatories submitted for him to answer, and appellees, the members of the board of election commissioners, filed answers to the interrogatories submitted to them to answer. The interrogatories submitted to appellant Jones covered every material allegation in the complaint filed by appellee Smock. Thereafter, appellant Jones filed his separate answer of general denial. Appellee Smock moved that the answer in general denial be stricken from the files in this case for the reason that every material allegation of his complaint had been answered by appellant Jones in the affirmative, and that the answer in general denial would be in diametric opposition to the answers made by appellant Jones. Thereupon, the court made its finding against appellant Jones and in favor of appellee Smock, and rendered its judgment of mandate which required the board of election commissioners to have printed upon the Republican ticket of the official ballot the name of appellee Smock for the office of county commissioner in Vigo County.

The questions presented for determination here are: (1) Did the court commit error in striking appellant's answer in general denial from the files; and (2) was the finding of the board of county commissioners, sitting as a tribunal to try an election contest, sufficient to support the judgment or order here in question that appellant Jones had received the highest number of votes, and further, if it did, was the purported judgment valid, having been made more than twenty days after the trial of the contest began. §7615 Burns 1926.

Concerning the action of the court striking appellant's answer in general denial from the files, it is contended

that at least one of the answers to one of the interrogatories was such that an issue might be formed by an answer in general denial which would require a trial upon a question of fact. Appellant Jones answered the question as to whether or not a demand had been made by the plaintiff (appellee Smock) upon the board of election commissioners to place his name upon the Republican ticket of the official ballot as a candidate for that office by saying that he did not know. The succeeding question to Jones was, did the board of election commissioners refuse to place the name of appellee Smock upon such official ballot as above indicated, to which he answered that they had so refused. It is the opinion of the court that notwithstanding his reply that he did not know whether a demand had been made, the answer made to the succeeding question that the appellee board had refused to place the name of appellee Smock upon the official ballot, is sufficient to sustain the action and is sufficient to amount to a demand by Smock upon the board.

It appears in the record by the questions submitted to the appellee board, whether a demand had been made upon it by Smock to place his name, etc., as above stated, that Smock had made such a demand upon the members of the board. A demand upon appellant Jones would be for naught, for the reason that it could not be required that a demand be made upon him. No relief as prayed for can be gained by a judgment of mandate against Jones. He could not be mandated to do a thing that it was impossible for him to do in law. He could not himself, or require that the board of election commissioners, place Smock's name upon the ballot. If demand was to be made it could be made only of one against whom a judgment could be rendered. And judgment of mandate in this action could only be ren-

dered against the board and its members, not against Jones. The question of demand being decided, it appears that every material allegation of plaintiff's (appellee Smock's) complaint was answered affirmatively by appellant Jones.

The law (§409 Burns 1926) provides that an answer or other pleading shall be rejected as sham either when it plainly appears upon the face thereof to be ▪ false in fact and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false. All of the material allegations having been answered in the affirmative, there was nothing left upon which appellant Jones could base a general denial. There was nothing pleaded that he could deny unless such denial was in direct conflict with his own answers to the interrogatories submitted. The practice afforded by the law in relation to sham pleadings (§409, *supra*) is similar to the practice afforded by the statute entitling a judgment for a party though a verdict has been found against him. §617 Burns 1926.

The law provides that the board of commissioners shall try and determine an election contest such as the one here in question, and that they may adjourn and continue the trial from time to time, not exceeding twenty days altogether. §7615 Burns 1926. The election contest here in question was filed before the board of commissioners sitting as a tribunal to try the case May 16, 1928. And the actual trial began May 28, 1928, and on June 8, the trial was concluded, and the commissioners made a finding upon which it is questioned whether or not they ever entered a judgment. Thereafter, August 18, 1928, two members of such board sitting as such a tribunal certified to the board of election commissioners that they had adjudged that appellant Jones had re-

ceived the highest number of legal votes cast at such primary election for the candidates for the office here in question.

It is unnecessary to decide the points raised by counsel, whether the finding made by the board of commissioners sitting as such tribunal is sufficient upon which to base a judgment. It is only necessary to consider the question of the construction of the statute (§7615, *supra*), which provides a limitation of twenty days within which to try the action. It is unnecessary for the court at this time to present reasons for its holding upon this question, for the reason that this court, in a former case, considered the question with such profound reasoning upon which it based its decision, that the language used by this statute fixed the life of this tribunal as of twenty days and no longer, and that the tribunal itself expired at the end of that period of time, and that with it the cause of action before it expired also. *English* v. *Dickey* (1890), 128 Ind. 174, 27 N. E. 495.

A motion for a change of venue from the county had been filed by appellant Jones prior to the rendering of the judgment. The court withheld action upon the motion until after the issues of the case had been formed. After striking appellant's answer of general denial from the files, no question was before the court which required a trial of a question of fact, except a dispute that might have arisen between the answers to the special interrogatories and the allegations of the complaint which were well pleaded. There was no such dispute. Therefore no question of fact was left to try. The only matter before the court was a question of law, and it was proper under such a state of the record to deny appellant's motion for a change of venue from the county after judgment had been rendered, as was the action in this case. *Matlock* v. *Fry* (1860), 15 Ind.

483. No reversible error has been pointed out by the appellant. Judgment is affirmed.

It is ordered by the court that the judgment in this case by this court be certified to the clerk of Vigo Circuit Court *instanter* notwithstanding the sixty days granted by statute in which the losing party may file a petition for a rehearing.