STATE EX REL. OVIATT *v.* KNOWLES, SPL. J., ETC. ET AL.

[No. 29,519. Filed April 25, 1957.]

*Wilbur F. Dassel* and *Welborn & Miller,* all of Evansville, for relator.

*James H. Meyer* and *John G. Bunner,* both of Evansville, for respondents.

BOBBITT, J.—Relator, a contestee in an election contest pending in the Vanderburgh Circuit Court, brings this action to prohibit respondents from proceeding further therein because a time for hearing of the contest proceedings, no recount being here involved, was not fixed within twenty days after November 23, 1956, the return day fixed in a notice to the contestee-relator as provided by Acts 1945, ch. 208, §346, p. 680, being §29-5506, Burns' 1949 Replacement.

We issued a temporary writ.

Prohibition is an extraordinary remedy and will not issue unless respondent court is acting, or attempting to act, without the bounds of its jurisdiction. ■ *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1952), 230 Ind. 277, 291, 100 N. E. 2d 888.

Jurisdiction is the right, authority and power to hear and determine a cause of action. *Department of* ■ *Insurance* v. *Motors Insurance Corp.* (1956), 236 Ind. 1, 138 N. E. 2d 157, 161.

Jurisdiction embraces three essential elements: (1) jurisdiction of the subject-matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular ■ case. *State ex rel. Johnson* v. *Reeves, Judge etc. et al.* (1955), 234 Ind. 225, 228, 125 N. E. 2d 794.

The Vanderburgh Circuit Court had jurisdiction of the general subject-matter. Acts 1951, ch. 87, §1, p. 275, being §29-5504, Burns' 1949 Replacement (1955 Cum. Supp.).

To sustain his position that the Vanderburgh Circuit Court lost jurisdiction of the case by failing to fix a time for hearing as provided by §29-5506, *supra,* relator relies upon certain decisions of this court which we believe are clearly distinguishable from the case at bar, hence lend no support to his position herein.

Two of such cases, *Humphries* v. *McAuley* (1933), 205 Ind. 469, 187 N. E. 262, and *Jones* v. *State ex rel.* (1928), 200 Ind. 328, 163 N. E. 260, are grounded upon *English* v. *Dickey* (1891), 128 Ind. 174, 27 N. E. 495, 13 L. R. A. 40. The latter case was concerned with the construction of §4760 and §4761 R. S. 1881, which provided that the board of county commissioners try election contests, and that they might "continue the trial from time to time, not exceeding twenty days altogether;". There the court held that this statute fixed the life of the special tribunal, and that the special

court itself expired at the end of that period and with it the cause of action.

The same question was involved in *Jones* v. *State ex rel., supra* (1928), 200 Ind. 328, 163 N. E. 260.

The question at issue in *Humphries* v. *McAuley, supra* (1933), 205 Ind. 469, 187 N. E. 262, was whether or not a material amendment could be made to the petition to contest, after the time for filing the petition had expired. The court there properly held that the ten-day period of time fixed by statute, within which to file a petition for contest was in effect a statute of limitation and the amendment there proposed could not be made.

*Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416, also relied upon by relator, involved the amendment to a petition to contest. There this court held that unless the petition for contest was filed within the ten-day limitation fixed by statute the court to which the petition was addressed would acquire no jurisdiction.

Relator relies particularly upon a statement from the opinion in *Humphries* v. *McAuley, supra,* which is to be found in *English* v. *Dickey, supra* (1891), 128 Ind. 174, 178, 27 N. E. 495, 13 L. R. A. 40, as a quotation from *Bull* v. *Southwick* (1882), 2 N. M. 321, and which is as follows:

> " 'These statutory provisions, as to the time of filing and serving the notice of contest, answer and reply, are in effect statutes of limitation, taking from the judge all discretion as to extending the time.' "

The New Mexico statute there in question limited the time within which answers should be filed. The language in the above quotation must be considered in connection wiith the facts to which it was applied which, in that case, was to the filing of an answer— an act to be performed by the defendant-contestee. The

reason for such ruling in that case is readily apparent. If no time limitation were placed upon the filing of an answer, defendant-contestee could delay the proceedings indefinitely, and if in possession of the office retain such until the expiration of the term under contest.

Much reliance is also placed upon the following statement from *Gossard* v. *Vawter, supra* (1939), 215 Ind. 581, 584, 21 N. E. 2d 416, which is a quotation from *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 478, 199 N. E. 560:

> "The public has an interest in the speedy determination of controversies affecting elections, and provisions of the statute limiting the time within which steps may be taken are universally regarded as mandatory, and unless they are strictly complied with the court is without jurisdiction of the subject-matter. 20 C. J., §280, p. 220, and cases there cited."

In the Slinkard case the contestor failed to file with his petition for recount and to contest a sufficient written undertaking as required by statute.[1] The contestee filed a motion to strike out the petition for recount because of the failure to file an undertaking as provided in the contest statute. The trial court sustained this motion and on its own motion struck out the petition to contest. This court there held that by reason of the failure of the petitioner to file an undertaking as required by the statute no jurisdiction was vested in the court to appoint a recount commissioner.

To determine the scope of the application of the rule of law quoted in the above cases, it is well to consider its source and the reason for its enunciation.

The above quotation from the Slinkard case was grounded upon a statement from 20 C. J., §280, p. 220 (29 C. J. S., Election, §258, p. 370), as follows:

---

1. Acts 1933, ch. 242, §4, p. 1099.

"The intention of the contested election laws is to have such contest speedily determined so that the rightful claimant may enjoy as nearly as practicable the entire term for which he has been chosen. Consequently the statutes generally provide that anyone desiring to contest an election must file and serve a notice and statement of the grounds of contest within a certain number of days after the election, or the official declaration of the result. *These provisions* are regarded as mandatory, and unless strictly complied with the court is without jurisdiction to proceed." (Our italics.)

It seems clear to us that the rule as stated in the Slinkard case, and reaffirmed in the Gossard case, applies only to the provisions of the statute limiting the time for filing a petition for recount and to contest an election. It is concerned wholly with the matter of conferring jurisdiction upon the court in which the petition is filed.

We find no support for relator's position in the authorities upon which he relies.[2]

In the case at bar the petition was duly filed within the time prescribed by statute, thus vesting jurisdiction of this particular case in the Vanderburgh Circuit Court.

Jurisdiction of the person herein was conferred and any question pertaining thereto was waived by relator-contestee's general appearance at the time of the filing of a motion for a change of venue from the judge and by participating in the proceeding held subsequent thereto. *State ex rel. Johnson* v.

---

2. It is of interest to note that in the Slinkard case no question was raised on the petition to contest by a motion to dismiss or otherwise in the trial court. Under these circumstances this court there held that the trial court had jurisdiction of the subject-matter and jurisdiction of the person of appellee-contestee, and that it was error to dismiss the petition to contest.

*Reeves, Judge etc. et al., supra* (1955), 234 Ind. 225, 125 N. E. 2d 794.

Although relator relies wholly upon his assertion that the trial court lost jurisdiction of the case by failing to fix a time for hearing as provided by §29-5506, *supra,* and we have discussed the cases cited in support thereof, it is not necessary for us to determine that question, because we agree with respondents, that relator waived any right which he might have had to raise such question by failing to do so at the first opportunity.

The twentieth day after the return day fixed in the notice to contestee was December 13, 1956.

On December 3, 1956 relator filed a verified motion to dismiss the petition for contest, and after hearing argument thereon by counsel for both parties on December 13, 1956, such motion was overruled and the contestee ordered to answer on or before December 27, 1956.

On December 27, 1956 relator filed a motion and affidavit for a change of venue from the judge in the contest proceedings and on January 4, 1957 he struck one of the names from the list of three submitted pursuant to such motion.

The first special judge chosen having refused to serve, another list was submitted and on January 14, 1957, relator struck one of the names from the second list submitted.

On January 23, 1957, relator filed a motion for an extension of time until February 1, 1957, within which to answer contestor's petition, and on January 30, 1957 moved the court that the rule to answer be extended to February 15, 1957.

Relator by initiating and participating in the various proceedings had in the trial court subsequnt to

December 13, 1956, and by failing to raise the question at the earliest opportunity has waived any question as to the jurisdiction of the court over the particular proceedings herein. *State ex rel. Johnson* v. *Reeves, Judge etc. et al., supra* (1955), 234 Ind. 225, 229, 125 N. E. 2d 794.

Relator also is estopped for the further reason that he cannot now complain of the delay which is the result of his own acts.

For the foregoing reasons respondents must be considered as acting within their jurisdiction in the proceedings herein, hence the temporary writ heretofore issued is dissolved, and the petition for permanent writ denied.

Achor, C. J., Emmert and Landis, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 141 N. E. 2d 854.