STATE of Indiana on the relation of Jose ARREDONDO, Relator,

v.

LAKE CIRCUIT COURT and Marvin D. McLaughlin as Special Judge of said Court, Respondents.

No. 978S186.

Supreme Court of Indiana.

June 27, 1979.

Bernard M. Tetek, Gerald N. Svetanoff, Gary, for relator.

James K. Whitaker, Hammond, for respondents.

GIVAN, Chief Justice.

This case arises from an election recount and contest filed in Lake Circuit Court. On September 11, 1978, a hearing was had in this Court on the petition for a writ of mandate and prohibition. The Court, with one justice absent, was equally divided; hence, no writ was issued. For the reasons herein stated, we now deny the application for a permanent writ.

The statute in question is IC § 3–1–28–6 [Burns 1972]:

"The court, or the judge thereof in vacation, shall fix a time, within twenty [20] days after the return day fixed in such notice to the contestee, for the hearing of the contest proceedings, except in case a recount is had, then the court or judge shall fix such hearing for a time within twenty [20] days after the filing of the certificate of such recount commissioners. Such proceedings shall be heard and determined by the court, without a jury, and the practice and procedure in civil actions shall govern, except as otherwise provided in this article [3–1–28–1—3–1–28–8]. An appeal from the final determination of the court may be taken to the Supreme Court as in other cases. The court shall determine the issues raised by such petition and answer thereto, and shall declare as elected or nominated, as the case may be, that qualified candidate who received the highest number of votes, and render judgment accordingly, and the clerk of the circuit court shall certify such determination to the proper officer. Such judgment and determination shall be final unless appealed from to the Supreme Court as herein provided."

The central issue in this case is whether the failure of the trial court to fix a hearing time within 20 days after the filing of the certificate of recount automatically divests the court of further jurisdiction to act.

Relator Jose Arredondo was the winner of the Democratic primary election for Sheriff of Lake County, Indiana, held on May 2, 1978. Chris Anton, the runner-up, brought a recount and contest action in the Lake Circuit Court on May 15. The recount was had without objection and on June 23, the recount commission filed its report reaffirming that Arredondo was the victor. On July 3, 1978, Anton filed a motion for discovery indicating his desire to proceed with the contest phase of the complaint and further filed a motion for change of venue from the judge. On July 5, 1978, Anton moved to set the hearing on or before July 13. The court granted the motion and

scheduled the hearing for July 13, 1978, at 9:00 a. m. The court also granted Anton's motion for discovery and for change of venue from the judge over the objection of the Relator. The Special Judge purportedly assumed jurisdiction on July 11, but for reasons not shown by the record, did not take his official oath from the clerk until July 14, the 21st day after the recount commissioner's report.

Hence, when the parties appeared in court for the hearing on July 13, no hearing could be held as no judge was present. Relator Arredondo on that day filed an Objection to Continuance of Hearing and Motion to Dismiss, alleging that failure to comply with the 20-day time limit in IC § 3–1–28–6 required dismissal of the case. Thereafter, the Special Judge assumed jurisdiction over the case. Arredondo continuously objected to any actions beyond the initial 20-day period. When it appeared that the case would go to trial on September 12, Arredondo sought extraordinary relief in this Court.

A similar situation was presented in *English v. Dickey* (1891) 128 Ind. 174, 27 N.E. 495. The statute in that case provided that when a petition for recount or contest was filed, the Board of County Commissioners was to meet and determine the contest in a period of time not exceeding 20 days. In accordance with the statutory mandate, the Commissioners of Decatur County met on December 4, 1890 to determine a contest. On December 22, the contestor moved for an was granted a continuance until December 26. In considering the question of jurisdiction, this Court found the statute to be mandatory. Hence, the Commissioners had no jurisdiction to take any actions beyond December 24, the 20th day following the commencement of the hearing. The Court, however, left open the possibility that other circumstances, such as the Commissioners' continuing the hearing on their own motion, might warrant an extension of the statutory jurisdiction beyond the 20-day limit.

The *English* Court, for good reason, was careful to limit its holding to the precise facts therein presented. To extend that case to a fact situation such as the one at bar would, in our opinion, be grossly inequitable and place a great burden upon both an election contestor and the trial court. A hearing might initially be set near the end of the statutory time limit. If, then, the trial court either deliberately re-schedules the hearing beyond the limit or is forced to do so because of extraordinary circumstances beyond its control, a diligent and faultless contestor would forever be denied his statutory remedy. Our laws must provide a degree of flexibility to account for such situations. There can be no justification for closing the judicial doors to a bona fide litigant when the circumstances causing the delay are completely beyond his control. We therefore hold that when there are extraordinary or unusual circumstances which preclude a contest hearing from being conducted within 20 days after the report of the recount commission, the trial court will not automatically be divested of jurisdiction so long as the hearing is had as soon as practicable after the time limit. The contestor, of course, must be diligent in his efforts and must not utilize tactics to delay the hearing beyond the 20-day period. *English v. Dickey, supra.*

■ This interpretation is necessary to achieve the underlying purpose of election contests and does no violence to the language of IC § 3–1–28–6. Whether that enactment be mandatory or directory turns on the question of the intent of the legislature. *Allen Co. Dept. of Pub. Welf. v. Ball Mem. Hosp. Ass'n.* (1969) 253 Ind. 179, 252 N.E.2d 424. The broad purpose which the recount statute, IC § 3–1–27–1 *et seq.,* and the contest statute, IC § 3–1–28–1 *et seq.,* seek to achieve is a full and fair litigation of election disputes in an expeditious manner. This legislative intent is not defeated by construing the statute to permit unusual circumstances to extend the time period within which a hearing must be had.

■ In the case at bar it is true that petitioner Anton moved for and was granted a change of venue from the judge on July 3, ten days before the expiration of the time period. IC § 3–1–28–3 expressly au-

thorizes such a change of venue from the judge. The 10-day period here was sufficient time for a Special Judge to qualify and conduct a hearing. It is clear that Petitioner Anton's motion for change of venue did not come so late as to prevent a timely hearing and that Anton was diligent in requesting that the hearing be scheduled on or before July 13, 1978.

We conclude that the failure of the Respondent Court to conduct the hearing within 20 days of the report of the recount commission was not a jurisdictional defect. Accordingly, the petition for a permanent writ of mandate and prohibition is denied.

DeBRULER, HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents without opinion.