STATE of Indiana, on the Relation of William K. and Louella M. WONDERLY, Relators,

v.

The ALLEN CIRCUIT COURT, The Honorable Dalton C. McAlister, Special Judge and The Allen Superior Court, Respondents.

No. 880S343.

Supreme Court of Indiana.

Dec. 5, 1980.

Thomas L. Wooding and Carolyn W. Spengler, Hunt, Suedhoff, Borror, Eilbacher & Lee, Fort Wayne, for relators.

Neil F. Sandler, Sandler & Sandler, Thomas E. Ruzzo, Fort Wayne, for respondents.

PRENTICE, Justice.

Relators seek to invoke the original jurisdiction of this Court and to have issued a writ of mandate and a temporary writ of prohibition. Ind.Code § 34–1–58–1 (Burns 1973).

The writ of mandate would compel the respondents to issue a writ of habeas corpus in recognition of a guardianship's decree of the Defiance, Ohio Probate Court, and the writ of prohibition would prohibit the respondents from proceeding in a pending adoption proceeding concerning the children who are the subjects of the Ohio guardianship.

For purposes of clarity we will set forth the facts which brought these parties before us and then discuss the merits of each writ.

The relators, Mr. and Mrs. Wonderly, are the paternal grandparents of Scott and Heidi Wonderly. Scott and Heidi were orphaned by the death of their mother, Marcile E. Wonderly, on September 10, 1971.

Marcile Wonderly left a will in which she requested that her children live in the home of her cousins, Mr. and Mrs. Edward Herschberger. She further directed that in no event should Scott and Heidi be placed in the home of or under the control of the relators. At the time of her death, Marcile Wonderly and her children resided in Defiance, Ohio.

On December 1, 1971, the Defiance County Probate Court appointed Mr. and Mrs. Herschberger guardians of Scott and Heidi. Since then Scott and Heidi have lived with the Herschbergers and their two children in Grabill, Indiana.

On September 5, 1979, the relators petitioned the Defiance County Probate Court to terminate the Herschbergers' guardianship. On December 10, 1979, that court issued letters of guardianship to the relators and to Virginia Laube, the children's maternal aunt.[1] The Herschbergers were decreed to be in contempt of court on January 10, 1980, for their failure to relinquish custody of the children.

On December 14, 1979, the relators filed a petition for habeas corpus and to enforce the decree of December 10, 1979, in the Allen Circuit Court, requesting that court to order the Herschbergers to release the children to the relators. The court denied the writ on February 26, 1980, after accepting briefs and hearing oral arguments. The relators filed no motion to correct errors in that proceeding, thus waiving their right to appeal.

On May 19, 1980, the Herschbergers filed in the respondent court, a petition to adopt the children. On June 5, 1980, the relators filed, in the adoption proceedings, a motion for a change of venue, on June 17, 1980, an answer, and on or about July 8, 1980, an additional paragraph of answer alleging that the respondent court lacked jurisdiction over the persons and subject matter of the petition. On July 25, 1980, the petition herein was filed.

The relators offer no reason why they took no steps to appeal the February 26, 1980, denial of their petition for habeas corpus and to enforce the decree of the Ohio Probate Court. Ind.R.App.P. 4(B)(4). Had

---

1. At the hearing upon this matter, we were informed that the December 10, 1979, order was upheld by the Ohio Court of Appeals, and that the matter is now pending before the Ohio Supreme Court.

they appealed, the matter would have been advanced on the docket of the Indiana Court of Appeals. Ind.R.App.P. 4(F).

"Our rules governing original actions provide that original actions are viewed with disfavor and are not intended to be used to circumvent the normal appellate process. Only where the relator can establish that his appellate rights are inadequate will his writ be granted." *State ex rel. Janesville Auto Transport Co. v. Porter County Superior Court,* (1979) Ind., 387 N.E.2d 1330, 1332.

■ The relators make no assertion in their petition, brief, or any papers filed with this Court, that their rights to appeal the adverse determination of the respondent court were inadequate. *State ex rel. Crumpacker v. LaPorte Circuit Court,* (1975) 264 Ind. 27, 29, 338 N.E.2d 261, 262.

The writ of mandate is denied.

Our determination upon the application for a writ of prohibition is also controlled by jurisdictional considerations.

■ Prohibition is an extraordinary remedy. It will issue only upon a showing that the respondent court is attempting to act or is acting without jurisdiction. *State ex rel. Townsend v. Tipton Circuit Court,* (1961) 242 Ind. 226, 231, 177 N.E.2d 590, 593; *State ex rel. Raney v. Gibson Circuit Court,* (1961) 241 Ind. 497, 499, 173 N.E.2d 660, 662 (per curiam); *State ex rel. Oviatt v. Knowles,* (1957) 236 Ind. 517, 519, 141 N.E.2d 854, 855.

■ The respondent court has not ruled upon the merits of the adoption petition. *See State ex rel. Marcrum v. Marion County Superior Court,* (1980) Ind., 403 N.E.2d 806 (Prohibition is the appropriate remedy to challenge jurisdiction of trial court that awarded *permanent custody* of children to father in violation of out of state decree awarding permanent custody to relator). The respondent court has not determined the relators' motion for a change of venue, nor have relators filed any motion in respondent court to dismiss the adoption petition for want of jurisdiction or for a judgment upon the pleadings. Ind.R.

Tr.P. 12(C). We find nothing in the record to indicate that the respondent court has made any determination concerning its jurisdiction to entertain the adoption petition.

"As a general rule, we must assume that trial courts will take the proper action, even where the issue goes to the jurisdiction or lack of jurisdiction of the trial court. Until the trial court has shown by some ruling or refusal to act that it is exceeding or failing to exercise its jurisdiction, there is no basis for action in this court." *State ex rel. City of Indianapolis v. Marion County Superior Court,* (1966) 247 Ind. 385, 387, 216 N.E.2d 349, 350. *See State ex rel. Nineteenth Hole, Inc. v. Marion Superior Court,* (1963) 243 Ind. 604, 610–11, 189 N.E.2d 421, 424. *Cf.* Ind. R. O. A. (B) (1).

The writ of prohibition is, therefore, denied.

DeBRULER, HUNTER and PIVARNIK, JJ., concur.

GIVAN, C. J., dissents.