**Vernon SMITH, Appellant,**

v.

**Scott KING and Lake County Board of Elections and Registration, Appellees.**

No. 45A03–9907–CV–287.

Court of Appeals of Indiana.

Sept. 24, 1999.

Opinion on Rehearing September 30, 1999.

Transfer Denied Oct. 13, 1999.

---

Douglas M. Grimes, Gary, Indiana, Attorney for Appellant.

James B. Meyer, Meyer & Godshalk, P.C., Gary, Indiana, Attorney for Appellee Scott King.

J. Justin Murphy, Murphy Law Firm, Hammond, Indiana, Attorney for Appellee Cross–Appellant Lake County Board of Elections and Registration.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

This case arises from an election contest filed in the Lake Circuit Court. Scott King was nominated for the office of Mayor of Gary in the May 4, 1999 primary election. On May 11, 1999, Vernon Smith, one of five other candidates, filed a petition contesting the election. Smith alleged irregularities in the printing of ballots and in the programming of the electronic voting system. He further alleged fraudulent manipulation of vote totals and asserted that a voting machine or electronic voting system had malfunctioned in each of the precincts in the City of Gary.

During the first hearing held on June 3, 1999, the trial court granted Smith's motion to join the Lake County Board of Elections and Registration (the "Election Board") as an additional party and ordered impoundment of the voting system used for casting and counting votes. The Election Board moved to dismiss Smith's petition on grounds that the trial court had failed to fix a hearing date for the election contest within the time required by statute, which the trial court denied. Thereafter, King moved to dismiss Smith's petition for improper verification. Following a second hearing on July 23, 1999, the trial court dismissed Smith's petition with prejudice for lack of "subject matter jurisdiction" because the court found the petition was not verified as required by statute. The court also ordered release of the impounded machines and related equipment.

Smith appealed, and the Election Board cross-appealed. On Smith's motions, we stayed release of the voting system pending resolution of this appeal and set an expedited briefing schedule. After a hearing on September 17, 1999, this court denied the Election Board's emergency petition to release the impounded voting system for use in the November municipal election but assured the parties that we would issue an opinion on the merits promptly after the case was fully briefed on September 21, 1999.

We affirm.

### ISSUES

Smith presents one issue for our review: whether the trial court erred when it held that his petition was improperly verified

and dismissed his petition.[1] The Election Board seeks review of a second issue: whether Smith's petition should have been dismissed because the contest hearing was neither scheduled nor held within the time period required by statute.

## DISCUSSION AND DECISION

■ The common law made no provision for election contests, and the statute permitting such contests provides a special statutory proceeding. *Bodine v. Hiler,* 463 N.E.2d 539, 541 (Ind.Ct.App.1984). One who seeks the benefit of a statutory proceeding must comply with all procedural terms of the statute. *State ex rel. Young v. Noble Circuit Court,* 263 Ind. 353, 358, 332 N.E.2d 99, 102 (1975). Thus, the requirements imposed by the statute are jurisdictional. *Bodine,* 463 N.E.2d at 541.

### Issue One: Dismissal Due to Improper Verification

■ Smith contends that the trial court erred when it found that it lacked subject matter jurisdiction due to an improper verification and dismissed his petition with prejudice. Indiana Code Section 3–12–8–5(a) reads: "A candidate who desires to contest an election or a nomination under this chapter must file a verified petition with the circuit court clerk of the county . . . no later than noon seven (7) days after election day." Here, the relevant portion of Smith's petition reads: "Pursuant to 28 U.S.C. Sec. 1746,[2] I hereby verify under penalty of perjury that the foregoing is true and correct." King claims that, by prefacing the oath with the phrase "Pursuant to 28 U.S.C. Sec. 1746," Smith has "artfully dodged any exposure to punishment in state court for a false verification in his [p]etition." Brief of Appellee at 6. Thus, King argues that Smith's contest petition does not satisfy the verification requirement of Indiana Code Section 3–12–8–5(a). We disagree.

■ When applied to pleadings, "verified" means "supported by oath or affirmation in writing." IND.CODE § 1–1–4–5. Pursuant to Indiana Trial Rule 11(B), it is sufficient if the petitioner "simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language: 'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.'" The essential purpose of a verification is that the statements be made under penalty of perjury. *Austin v. Sanders,* 492 N.E.2d 8, 9 (Ind.1986).

■ In this case, Smith's reference to a federal statute does not mean that, if he committed perjury, he would be accountable only in a federal court. The statute itself embraces "any matter" required to

1. Smith also contends that the trial court abused its discretion when it denied his motion to stay the order of dismissal. Because this court granted the stay, that issue is moot.

2. That statute provides in full:
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verifi-

cation, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
(Signature)".
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

be verified "under any rule, regulation, order or requirement made pursuant to law." Smith's petition was filed in an Indiana state court under Indiana substantive law. As the United States Supreme Court has stated, "[T]he power of punishing a witness for testifying falsely in a judicial proceeding belongs peculiarly to the government in whose tribunals that proceeding is had." *Thomas v. Loney,* 134 U.S. 372, 375, 10 S.Ct. 584, 585, 33 L.Ed. 949, 951 (1890).

■ The petition was tendered to an Indiana court as a verified pleading and, as we indicated in our stay order, the verification was in substantial compliance with Indiana Trial Rule 11(B). That is enough. The federal citation does not limit the authority of this state to subject Smith to the penalties for perjury under Indiana law. Despite the peculiar reference to a federal statute in the verification, we hold that Smith complied with the requirement of Indiana Code Section 3–12–8–5(a), and the

trial court erred when it dismissed Smith's petition on that basis.[3]

## Issue Two: Dismissal Due to Untimely Contest Hearing

■ We now turn to the Election Board's cross-appeal. We will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1301 (Ind.Ct.App. 1997), *trans. denied.* The Election Board contends that dismissal of Smith's petition is appropriate because the contest hearing was neither scheduled nor held within the time period required by statute. Specifically, the Election Board contends that the failure to schedule and hold the contest hearing within the statutory time period divested the trial court of jurisdiction to take further action in this case. We agree with the Election Board.[4]

■ Indiana Code Section 3–12–8–16 provides: "The court shall fix a date within

**3.** In any event, the failure to properly verify a petition does not deprive the court of subject matter jurisdiction, which refers only to the power of a court to hear and decide a particular class of cases. *Young,* 263 Ind. at 356, 332 N.E.2d at 101. The only relevant inquiry in determining whether a particular court has subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *Id.* This determination uniformly entails an examination of the jurisdictional grant and ordinarily does not turn upon technical intricacies of pleading. *Id.* at 356–57, 332 N.E.2d at 101. Without dispute, the Lake Circuit Court has subject matter jurisdiction in this primary election contest. *See* Ind.Code § 3–12–8–5; *State ex rel. Wilson v. Circuit Court of Lake County,* 239 Ind. 670, 671, 160 N.E.2d 600, 601 (1959). Thus, without proper verification, that court would lose jurisdiction over this specific case within that class of cases over which a court has subject matter jurisdiction. *See Young,* 263 Ind. at 356–58, 332 N.E.2d at 101–02; *Bodine,* 463 N.E.2d at 542. The appropriate means for challenging the court's jurisdiction over a particular case is a Trial Rule 12(B)(6) motion for failure to state a claim, not a Trial Rule 12(B)(1) motion for lack of subject-matter jur-

isdiction. *Browning v. Walters,* 620 N.E.2d 28, 31 (Ind.Ct.App.1993). The first dismissal under T.R. 12(B)(6) would be without prejudice, as the pleading may be amended once as of right.

**4.** Smith makes a specious argument that the Election Board lacks standing to bring a cross-appeal in this case. We find it interesting that while Smith moved to join the Election Board as a necessary party, he now complains that the Election Board is participating in the appellate process he initiated. Although as a general rule a plaintiff must demonstrate a personal stake in the outcome of a controversy and some direct injury, when a case involves enforcement of a public rather than a private right, the plaintiff need not have a special interest in the matter to establish the requisite standing. *Higgins v. Hale,* 476 N.E.2d 95, 101 (Ind.1985). Here, the Election Board's cross-appeal seeks to enforce a public right in the interpretation of Indiana Code Section 3–12–8–16 and its effect on the expeditious resolution of election contests. Moreover, we note that the Election Board has a substantial interest in the subject matter of the controversy and in preserving the integrity of the election process. Accordingly, the Election Board has standing to pursue this cross-appeal.

twenty (20) days after the return day fixed in the notice to the contestee for the hearing of a contest." More than 100 years ago, our supreme court held that similar statutory language was mandatory when considering the question of jurisdiction in an election contest. *English v. Dickey*, 128 Ind. 174, 27 N.E. 495 (1891). More recently, however, the court has noted that a mandatory interpretation of such statutory language under certain circumstances would be grossly inequitable and place a great burden upon both an election contestor and the trial court. *State ex rel. Arredondo v. Lake Circuit Court*, 271 Ind. 176, 178, 391 N.E.2d 597, 599 (1979).[5] For example, a contest hearing might initially be set near the end of the statutory time limit and if, then, the trial court either deliberately or because of extraordinary circumstances beyond its control is forced to reschedule the hearing outside the time limit, even a diligent and faultless contestor would forever be denied his statutory remedy. *Id.* In *Arredondo*, our supreme court recognized that our laws must provide a degree of flexibility to account for such circumstances. *Id.* Specifically, the court stated:

> There can be no justification for closing the judicial doors to a bona fide litigant when the circumstances causing the delay are completely beyond his control. We therefore hold that when there are extraordinary or unusual circumstances which preclude a contest hearing from being conducted within 20 days ... the trial court will not automatically be divested of jurisdiction so long as the hearing is held as soon as practicable after the time limit. *The contestor, of course, must be diligent in his efforts and must not utilize tactics to delay the hearing beyond the 20-day period.*

*Id.* at 178–79, 391 N.E.2d at 599 (emphasis added). Because the underlying purpose of the election contest statute is to achieve a full and fair litigation of election disputes in an expeditious manner, legislative intent is not defeated by construing the statute to permit unusual circumstances to extend the time period within which a hearing must be had. *Id.*

 In this case, there has been no showing of extraordinary or unusual circumstances which precluded a timely hearing. Neither was Smith as diligent as the circumstances dictated nor without fault. Each contestee was notified of Smith's election contest by a summons served by certified mail.[6] The summonses provided that each respondent had twenty-three days after receipt of the summons to answer to the petition. The last party served with a summons was King, who was served on June 3, 1999. Accordingly, the return day upon which the twenty-day statutory time period began to run was June 28, 1999,[7] the date by which the last respondent was required to answer the petition. Thus, Indiana Code Section 3–12–8–16 required that the court fix a date for the contest hearing on Smith's petition on or before July 19, 1999.

**5.** Interpreting Indiana Code Section 3–1–28–6, the predecessor to Section 3–12–8–16.

**6.** Indiana Code Section 3–12–8–8 directs the circuit court clerk to notify the circuit court judge when a contest petition is filed and the circuit court judge to direct the sheriff to serve notice upon all persons named in the petition as candidates for nomination or election, which notice shall include the return date to appear and answer the petition. This procedure is further evidence of the legislative intent to expedite the election contest process. While notice was served by certified mail in this case, the manner of service does not affect the outcome. Any defect in the notice procedure was cured when the parties appeared by counsel and answered the petition. The sufficiency of the notice in an election contest is tested by the same rule that applies to a summons in a civil action. *See Hadley v. Gutridge*, 58 Ind. 302, 312–314 (1877).

**7.** Twenty-three days from June 3, 1999, was June 26, 1999. However, because June 26 fell on a Saturday, the last day for response was Monday, June 28, 1999. *See* Ind. Trial Rule 6(A).

The trial court held a hearing well in advance of that date, on June 3, 1999. However, during that first hearing, the court did not consider the merits of the contest petition.[8] Instead, the trial court considered various motions filed by Smith. Smith did not request that a date be set for a hearing on the merits of his contest petition but asked the court to grant him three months within which to conduct discovery. The Election Board objected to Smith's request and moved to dismiss Smith's petition on the ground that such delay did not comply with the statutory time limit imposed by Indiana Code Section 3–12–8–16.

The Election Board repeatedly objected that the delay Smith requested would postpone the contest hearing to a date outside the time limit prescribed by statute. Smith responded that the need for discovery to prepare for the contest hearing was an "extraordinary" circumstance which precluded the hearing from being held within the twenty-day time limit. Smith invited further delay when he asked the court to set yet another status hearing after discovery was completed. The trial court denied the Election Board's motion to dismiss, declined to schedule a hearing on the merits, allowed discovery until July 9, 1999, and set another status hearing for July 23, 1999.

The Election Board's motion to dismiss was premature on June 3, 1999, as the statutory clock had not yet run. Thus, the trial court properly denied the motion at that time. However, the trial court's discovery schedule and status hearing on July 23, 1999, pushed a hearing on the merits beyond the statutory time limit. At no time prior to the July 23 status hearing did Smith request or did the trial court fix a hearing date on the merits of Smith's contest petition. By the time of the second hearing, the trial court had lost jurisdiction over this case. The Election Board renewed its objection to the court's jurisdiction at the second hearing on July 23,

1999, and the case should have been dismissed on that basis.

■ Contrary to Smith's argument, the need for discovery to prepare for a hearing on the merits of his petition was neither an extraordinary nor an unusual circumstance precluding the hearing date from being fixed within the twenty-day time limit. As noted by the Election Board, in providing the twenty-day time limit within which to fix a date "for the hearing of the contest," Indiana Code Section 3–12–8–16 contemplates a hearing on the merits. Smith had a right to conduct discovery. But, in an expedited statutory proceeding, the parties must promptly undertake and complete discovery at a rate commensurate with the statutory scheme.

This is not a case where the trial court initially set the contest hearing date near the end of the statutory time limit and was then forced to reschedule the hearing due to circumstances beyond its control. Nor is this a case where a diligent and faultless contestor will be forever denied his statutory remedy. Instead, we are faced with a case where the election contest process contemplated by the legislature has not been followed.

Smith acted as if this were an ordinary civil action rather than a special statutory proceeding. Because he seeks the benefit of a statutory remedy, it was incumbent upon him to comply with the statute. Not only did he fail to request a hearing date, but he resisted the Election Board's requests for a timely hearing.

The right to vote and to have one's vote counted properly is at the core of our democracy, and the public has a corresponding interest in both the integrity and the finality of elections. Thus, the election contest procedures enacted by our legislature are designed to protect both the candidate and the voter but also manifest a clear legislative intent that election contests be resolved expeditiously. Smith's

8. We note that a judge pro tempore presided over the June 3, 1999 hearing.

contest petition was filed on May 11, 1999. More than four months later, this issue has not yet been resolved and another election is quickly approaching. The legislature could not have intended such a result. Absent extraordinary or unusual circumstances, the trial court's failure to conduct a contest hearing on the merits of Smith's petition by July 19, 1999, divested the court of its authority to grant relief. *See Arredondo,* 271 Ind. at 178–79, 391 N.E.2d at 599. Accordingly, the trial court erred as a matter of law when, after that date, it denied the Election Board's motion to dismiss and continued to exercise jurisdiction.

## CONCLUSION

In sum, while the trial court erred when it dismissed Smith's petition for improper verification, we reach the same result on different grounds. Smith's contest petition should have been dismissed due to the court's lack of jurisdiction over the case pursuant to Indiana Code Section 3–12–8–16. The order dismissing Smith's election contest is affirmed.

Affirmed.

DARDEN, J., and BAILEY, J., concur.

### OPINION ON REHEARING

NAJAM, Judge.

The Appellant, Vernon Smith, has filed a Petition for Rehearing alleging various reasons why this Court's decision, issued September 24, 1999, is thought to be erroneous. In our opinion we affirmed the trial court's dismissal of Smith's election contest petition. The panel has granted rehearing, and the judges have met in conference and considered Smith's Petition. After due deliberation, we conclude that the Petition is without merit.

Our Order, dated September 28, 1999, which stayed release of the voting system is continued, and the parties are ordered to maintain the status quo, until 5:00 o'clock p.m. Indianapolis time, October 5, 1999, at which time the stay shall expire.

At every step this Court has considered this appeal on an expedited basis, with accelerated deadlines. The Court has not considered any filing received after 12:00 o'clock noon on this date. The parties are directed to transmit forthwith the originals of all filings that have been previously transmitted to the Court by facsimile.

Appellant's Petition for Rehearing is granted, and the Court now reaffirms its opinion herein on September 24, 1999.

DARDEN, J., and BAILEY, J., concur.